### 23914. WALL v. YOUMANS et al.

ARGUED FEBRUARY 13, 1967—DECIDED MARCH 9, 1967.

*Edenfield, Heyman & Sizemore, Joseph Lefkoff, Newell Edenfield,* for appellant.

*Arthur K. Bolton, Attorney General, Marion Gordon, Harold N. Hill, Jr., Assistant Attorneys General,* for appellees.

GRICE, Justice. This appeal is from the denial of a temporary injunction to restrain the enforcement of certain rules and regulations adopted by the Georgia State Board of Examiners in Optometry. This ruling emanated from a suit filed in the Superior Court of Gordon County by R. C. Wall against Dr. Benjamin T. Youmans, Jr., and others, as members of such board.

The facts are not in dispute. The plaintiff's petition alleged that the rules and regulations in question were not filed in accordance with the Georgia Administrative Procedure Act (Ga. L. 1964, p. 338, as amended), which became effective July 1, 1965, in that although such Act requires that a copy of all rules adopted prior to the effective date of the Act be filed with the Secretary of State within 20 days after such effective date, these were previously adopted rules but were filed *before* such effective date. The defendants' answer raised no material issue of fact. It was stipulated that a copy of the rules and regulations in question was delivered to the office of the Secretary of State on June 30, 1965, and stamped as received and filed on that date, and has since remained on file there.

The plaintiff insists that the requirement that previously adopted rules be filed within 20 days after the effective date of the Act means that such rules had to be filed on July 1, 1965, or before the expiration of 20 days thereafter, and that the filing

of them on June 30, one day before such effective date, was a nullity since the Act requires absolute, not substantial, compliance.

This issue over filing invokes construction of the words "within twenty (20) days after. . ." Section 5, Subsection (a), of the Act declares: "Within twenty (20) days after the effective date of this Act, each agency shall file with the Secretary of State a certified copy of all rules which were adopted by such agency prior to the effective date of this Act and which are still of full force and effect." Ga. L. 1964, pp. 338, 344 (*Code Ann.* § 3A-105 (a)). Subsection (d) provides that any rule made by an agency prior to the effective date of the Act shall be "void and of no effect" unless filed in accordance with the requirements of the Act. Ga. L. 1964, pp. 338, 344 (*Code Ann.* § 3A-105 (d)).

The question is: do the words "within twenty (20) days after . . ." as used in said Act, prescribe both the beginning and the ending of the time during which performance may be rendered, *or* do they merely establish the time beyond which performance may not be made?

That the word "within" may be used to denote either of these two situations is evident. As indicating both the point of beginning and the point of termination for such performance, "within" is synonymous with "during." On the other hand, as establishing only the last day for performance, "within" is the same as "not later than." See 45 Words and Phrases (Perm. Ed.), p. 378; Black, Law Dictionary (4th Ed.), p. 1777; Webster's Third International Dictionary, p. 2627. The great majority of other jurisdictions, when considering "within" in reference to time, have construed it as providing a termination limit only. See 45 Words and Phrases (Perm. Ed.), p. 378, supra.

However, in determining the meaning of the language here, we must ". . . look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy." *Code* § 102-102 (9).

The title of the Act states its purpose, among others, as "to make available for public inspection all rules . . . to prevent the invocation of any rule or decision for any purpose

until publication and availability . . . to afford an opportunity to interested persons to present views concerning proposed rules. . ." From this we conclude that the purpose of the requirement of filing previously adopted rules with the Secretary of State within 20 days from the effective date of the Act was to make them immediately known and available to the public. Therefore, in our opinion, the General Assembly intended by the language in question here that the rules be filed *not later than* 20 days after the effective date of the Act.

Filing the rules with the Secretary of State one day ahead of such date could not in any way thwart the intention and purpose of the Act. Rather, such filing was in keeping with the purpose of the Act by making the rules public and available one day sooner, and did not render them invalid. Cf. *Ross v. Jones,* 151 Ga. 425 (107 SE 160). See also, *Hodges v. South Ga. Natural Gas Co.,* 111 Ga. App. 180 (141 SE2d 182).

The denial of the injunctive relief sought against enforcement of these rules was, in our opinion, not erroneous.

*Judgment affirmed. All the Justices concur.*