30326. GARNTO v. WHEELER et al.

HALL, Justice.

On June 28, 1975, the City of Kite, Georgia, held an election for mayor. R. M. Garnto, plaintiff-appellant, received two votes more than the second-place candidate, Q. L. Josey. Subsequently, Q. L. Josey contested the election purportedly following the procedure of Code Ann. § 34A-1501(a), a portion of the Georgia Municipal Election Code.

Thereafter, plaintiff Garnto filed a petition in mandamus against the election superintendent and the members of the city council claiming that the superintendent had failed to certify the election returns as required by Code Ann. § 34A-1404 (d); the superintendent had failed to make the return of the election to the governing authority of the municipality as required by Code Ann. § 34A-1406 (c); and the city council had failed to declare him mayor pursuant to the town charter (Ga. L. 1958 p. 2712). The petition prayed that mandamus issue to compel these acts, and that after the hearing the defendants be required by mandamus absolute to install plaintiff Garnto as mayor. Josey intervened as a defendant and introduced an affidavit to the effect that a run-off election had been ordered. His position was that mandamus was therefore inappropriate. The Superior Court of Johnson County

ruled that the protest was validly entered under Code Ann. § 34A-1501 (a), and ordered the members of the city council to hold a hearing on the protest and report their findings and decision back to the court. Plaintiff Garnto appeals this order on the ground that an effective protest under the terms of Code Ann. § 34A-1501 (a) cannot be lodged prior to the governing authority's declaring the results of the election; and that they have failed to declare the results; and that Josey's protest was premature and void and as such could not be a ground for refusing the relief sought by mandamus. Josey argues on this appeal if Garnto were given the relief he sought by way of mandamus absolute, viz., to be installed as mayor, he would prevent the protest procedures' being considered on the merits.

We affirm the order of the superior court. We agree with plaintiff that he was technically entitled to a portion of the result he sought—that the election results be certified and returned to the governing authorities and declared by them—but the relief sought by way of mandamus absolute was that he be installed as mayor, which is plainly inappropriate when the election was protested. To grant him the lesser relief he sought would afford him no material advantage, and is therefore not required. *Harper v. Burgess,* 225 Ga. 420, 421 (169 SE2d 297). The superior court treated the protest as substantially valid, though filed prior to a "declaration" of the election's results. We agree that such a handling, though technically incorrect, has afforded the parties substantial justice. To rule otherwise and nullify the subsequent proceedings in order that these technicalities be accomplished in the precisely proper order would merely require the parties to walk the same road again with no discernible advantage to either and with additional expense to the municipality.

The town charter does declare as plaintiff argues that "the person . . . who shall receive the highest number of votes . . . shall be declared duly elected" (Ga. L. 1958, p. 2712); but there is no conflict between this provision and Code Ann. § 34A-1501 (a) because the former plainly comprehends only unprotested elections.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 19, 1975 — DECIDED OCTOBER 21, 1975.

*Joe W. Rowland,* for appellant.
*Hodges Rowland, Dubignion Douglas,* for appellees.