## 30425. WILLIAMS et al. v. CATES et al.

HALL, Justice.

This is a quo warranto case, here on appeal from an order of the Fulton County Superior Court dismissing appellants' petition for failure to state a claim.

Appellants are Harold E. Williams and Hal S. Crawford, who were nominated to be members of the Fulton County Board of Elections by Williams in his capacity as Chairman of the Democratic Executive Committee of Fulton County, pursuant to the provisions of the controlling Local Act, Ga. L. 1967, pp. 3211—3215. Appellees are the members of the Fulton County Commission and the present holders of the contested seats on the board. The Act provides that there shall be five members of such board, one to be appointed by the "governing authority of such county" (here, the Fulton County Commission), and four others, two each from nominations made by the chairman of the county executive committee of the (generally speaking) two most populous parties in the county.

The pertinent portion of the Act states as follows: "Two members shall be appointed by the governing authority of such county from nominations made by the chairman of the county executive committee of the political party . . ." Sec. 2 (a), Ga. L. 1967, p. 3211. It is critical that the Act does not say how many nominations must be submitted from which the governing authority may choose. This is the issue which divides the litigants here. Appellants' names were the only two nominations submitted for these posts. Insisting that they wanted six nominations, the governing authority rejected the list of two. Insisting that two alone were required, Williams resubmitted only his name and Crawford's. The governing authority then reappointed to the posts in issue appellees Leach and Watkins, the incumbents. Appellants brought suit asking that Leach and Watkins be removed, and that the county commission be enjoined from filling the posts without proper consideration of the appellants' nominations. The trial court, as noted above, dismissed the petition.

As an initial matter, we note two things. One, the

trial court correctly refused to remove Leach and Watkins in light of the fact that they were incumbents and under Section 5 of the Act, each board member shall serve "until his successor is appointed and qualified." Secondly, the remedies provided by the Georgia Election Code do not oust quo warranto as a possible remedy to challenge one's position as an officeholder. *White v. Miller*, 235 Ga. 192.

Our study of the Act, which presents some drafting problems, yields few clues to the legislature's intention in this respect. What we consider determinative is that the Act speaks of a "governing authority," which is obviously the county commission, but it also speaks of an "appointing authority." It is clear that these two bodies are not the same, because in Section 4 the governing authority is given a function if the appointing authority defaults in performance of it: "In the event *any appointing authority* fails . . . to make . . . [an] appointment . . . such . . . appointment shall be made forthwith by the *governing authority.*" (Emphasis supplied.)

We think the only entity the "appointing authority" can be, is the originator of the nominations. If the originator of the nominations is referred to as an "appointing authority" that argues that nomination is the equivalent of appointment, thus leading to the conclusion that appellant Williams had the right to submit ("nominate") only two names. This is consistent with the legislature's having failed to state a required number of nominations from which the county commission may select appointees. The legislature has shown, for example, in Code Ann. § 34-603 (a), that where it desires to give such a power of selection by requiring a larger list, it knows how to do so. The reading we are giving also squares with Section 6 of the Act, in which "the respective appointing authority" is given the power to fill an unexpected vacancy. We interpret this to mean that if the position of a Democratic appointee becomes vacant in untimely fashion, the Democratic chairman shall fill the vacancy; the Republican chairman shall fill a Republican vacancy; and the governing authority shall fill its own (the fifth) seat, acting with respect to this seat

as an appointing authority.

We realize that equating the political party chairman with the "appointing authority" in some instances can produce strange results under portions of the Act, such as Section 4 under which, as we read it, the appointment of the political party appointees is accomplished by the party chairman's so notifying the clerk of the superior court. This seems to strip the county commission of any function in these appointments, in conflict with Section 2 (a) which gives the governing authority an appointment power. Suffice it to say that we have found no interpretation which renders all portions of this Act sensible.

It follows that Williams was not required to submit more than two names; appellants have stated a claim for relief; and the superior court erred in dismissing their petition.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 15, 1975 — DECIDED DECEMBER 2, 1975.

*Reuben A. Garland, Jr.,* for appellants.
*Webb, Parker, Young & Ferguson, Robert Young,* for appellees.