## 31005. CATES v. WILLIAMS et al.

HALL, Justice.

This appeal is a continuation of the litigation over recent attempted appointments to the Fulton County Board of Elections, which we earlier considered in *Williams v. Cates,* 235 Ga. 651 (221 SE2d 422) (1975). The facts of the dispute are set out in that opinion. We ruled there that Williams, as a political party chairman, was an "appointing authority" under the controlling Local Act (Ga. L. 1967, pp. 3211-3215) and that the trial court erred in dismissing his quo warranto petition. Subsequently, the trial court, on stipulated facts, considered the merits of the petition and ordered that Williams and Crawford, Williams' two appointees, were legally entitled to the contested board seats. The county commission now appeals, arguing that Williams' appointments are invalid because he did not comply with Section 4 of the Act which requires that the clerk of the county superior court be notified of the new appointment in writing more than 30 days prior to the date the new member is to take office. Williams argues that he did notify the clerk, but points to nothing in the record supporting that assertion. Assuming non-compliance for purposes of this decision, we must now consider the effect of that procedural omission—namely, that Williams did not comply with what Section 4 requires of the appointing authority.

In our earlier opinion, we noted that the drafting of the Act presented problems of interpretation. Subsequent events have shown that the following paragraph of that opinion was prophetic: "We realize that equating the political party chairman with the 'appointing authority'

in some instances can produce strange results under portions of the Act, such as Section 4 under which, as we read it, the appointment of the political party appointees is accomplished by the party chairman's so notifying the clerk of the superior court. This seems to strip the county commission of any function in these appointments, in conflict with Section 2 (a) which gives the governing authority an appointment power. Suffice it to say that we have found no interpretation which renders all portions of this Act sensible." *Williams v. Cates,* supra, p. 653.

Prior to our decision, Williams had no way of knowing that he was an "appointing authority," required to carry out all functions of such an authority. Indeed, subparts of Section 2 of the Act repeatedly state that appointments should be made by the "governing authority" — the county commission. In fact, the commission's posture on the earlier appeal was that Williams *was not* an appointing authority.

We think the plain intent of the legislature was to give to the political party chairman—here, Williams—the power to make two appointments to this board. The Act's lack of clarity produced the procedural default here at issue, and we think a ruling that this default was fatal would thwart the Act's intent. Accordingly, we rule that despite the noncompliance with Section 4, the trial court was correct in its ruling that Williams and Crawford were entitled to these seats on the board and that appellants Leach and Watkins were required to vacate them. Cf. *Garnto v. Wheeler,* 235 Ga. 405 (219 SE2d 721) (1975).

*Judgment affirmed. All the Justices concur, except Ingram and Hill, JJ., who concur in the judgment only.*

ARGUED APRIL 19, 1976 — DECIDED APRIL 28, 1976.

*Webb, Parker, Young & Ferguson, Robert G. Young,* for appellant.
*Reuben A. Garland, Jr.,* for appellees.