## 53168. MILLER v. KILPATRICK.

BELL, Chief Judge.

This case contests the result of the Republican primary declaring a certain state senatorial nominee. The chronology is as follows: Petition of contest filed in superior court on August 17, 1976; hearings held in superior court on August 25, 1976, and September 8, 1976; judgment of superior court filed on September 15, 1976; superior court judgment amended and filed on September 22, 1976; notice of appeal filed on September 23, 1976; motion for supersedeas filed on September 28, 1976, and granted by Court of Appeals on September 29, 1976; motion to expedite hearing and waiver of oral argument filed by the parties on September 30, 1976; record docketed and briefs of parties filed in Court of Appeals on October 5, 1976; and en banc decision of Court of Appeals and judgment published on October 8, 1976. *Held:*

The stipulated facts show that 10 voters cast their ballots illegally in the primary election and that the declared winner won by a margin of 10 votes. The contention is that as the margin was only ten votes, these ten illegal votes were sufficient "to change or place in doubt the result" of the election. Code Ann. § 34-1703. We disagree.

The stipulated facts affirmatively disclose that only four of the ten illegal voters actually cast their votes for either of the two candidates involved. As for the other six of the ten illegal voters, all that is shown is that they did

vote in the broad general primary election. That is not enough. Obviously as a simple matter of mathematics four votes cannot either "change or place in doubt" an election result where the margin of victory was greater than those four illegal votes shown to have been cast in the specific political race.

In reaching his decision ordering another election, the trial judge proceeded from an erroneous presumption of fact not authorized by the evidence and refuted by the historical concept of elections in this state and nation. The judge "presumed" that each of the ten illegal voters had actually voted in this contested race. The positive evidence was that only four of the ten did so. It is basic in the American democratic process of elections that an individual voter's right to privacy as to how he cast his ballot is inviolate. It is improper and erroneous for courts to engage in presumptions of any kind in that exclusive area of privacy.

While the erroneous presumption alone is sufficient to require reversal, the erroneous presumption itself is refuted by the stipulated facts. These facts show that out of a total of 4,305 ballots cast in the Republican primary, only 4,054 votes were recorded in this contested race. Thus, 251 electors did not choose to cast their votes for either of these two candidates and that choice was exclusively theirs to make. It is a matter of common knowledge and statistical fact that electors frequently refrain from casting votes when in their view no candidate is worthy of support. It is their privilege to do so.

The closeness of this election in issue should demonstrate to all of us who may be skeptics as to the value of an individual vote that each one is important indeed.

The evidence demanded a judgment in favor of appellant. The trial court is directed to vacate its prior orders in this case and to enter a judgment in accordance with Code § 34-1708 (a) (Ga. L. 1964, Ex. Sess., pp. 26, 183), declaring the appellant Frank G. Miller to be the nominee of the Republican Party for the office of senator from the 43rd district.

*Judgment reversed with direction. Clark and Stolz, JJ., concur.*

SUBMITTED OCTOBER 5, 1976 — DECIDED OCTOBER 8, 1976 — REHEARING DENIED OCTOBER 26, 1976.

*McCord, Cooper & Voyles, Wm. H. Cooper, Jr.,* for appellant.

*Brent, Castellani & Palmer, Robert J. Castellani,* for appellee.