### 34280. TAGGART v. PHILLIPS et al.

UNDERCOFLER, Presiding Justice.

This is a primary election contest. It disputes the democratic nomination of Georgia State Representative for the 125th House District. Appellant was defeated by eleven votes. He complains that the election was illegal and in violation of Code Ann. § 34-1703 (a), (c), (d), (e). He alleges and argues (1) that numerous persons no longer residents of the district were illegally permitted to vote, and (2) that his name was improperly aligned on one voting machine with the result that voters were misled and unintentionally voted for his opponent.

The trial court, without an evidentiary hearing, dismissed the petition for failure to state a claim. The trial court concluded that appellant failed to offer proof of his allegations and that voters must be challenged before they cast their vote or any disqualification is waived.

We reverse. A petition should not be dismissed for failure to state a claim unless it discloses with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim. If the appellant (plaintiff) can prove his allegations and thereby change or place in doubt the election, he is entitled to relief. As we read the transcript, appellant stated he did not intend to prove for whom an elector

voted. The trial court apparently concluded that unless it was shown for whom an elector voted it would be impossible to place the election in doubt. We disagree. Of course a voter's right of secrecy for whom he cast his ballot is inviolate. However, to cast doubt on an election it is only necessary to show (1) that electors voted *in the particular contest being challenged* and (2) a sufficient number of them were not qualified to vote so as to cast doubt on the election. *Miller v. Kilpatrick,* 140 Ga. App. 193 (230 SE2d 328) (1976). Similarly, doubt may be cast on an election by showing improper maintenance of the voting machines resulting in votes being miscast. Code Ann. § 34-1327 (f). All of this is a matter of proof. Appellant must show that a sufficient number of electors voted illegally or were irregularly recorded in the contest being challenged to change or cast doubt on the election. It is not for whom they voted but that they voted in this "race" illegally or the votes were irregularly recorded.

We find the trial court was in error in concluding that voters must be challenged under Code Ann. § 34-628 or the right to contest the election under Code Ann. § 34-1701 et seq. is waived. Code Ann. § 34-1703 (c) provides for such a contest specifically, "[w]hen illegal votes have been received or legal votes rejected at the polls sufficient to change or place in doubt the result." *Davidson v. Bryan,* 242 Ga. 282 (1978).

We find no abuse of discretion in the denial of a jury trial. Code Ann. § 34-1707.

We note that this election was held on August 8, 1978. This appeal was docketed in this court on October 11, 1978, over two months later. By accelerating the filing of briefs and omitting oral argument we have been able to render a decision in less than two weeks. However, little time is left to resolve the matter before the general election without disrupting the schedule of elections fixed by law. Trial courts and litigants should make every effort to dispose of election contests with dispatch so that time remains for appeals and new elections if necessary before a succeeding election renders the issues moot.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

456

SUBMITTED OOCTOBER 24, 1978 — DECIDED OCTOBER 25, 1978 —
REHEARING DENIED OCTOBER 30, 1978.

*Ashman & Zipperer, Alex L. Zipperer, Calhoun & Cohen, John R. Calhoun, Sparkman & Taggart, Robert M. Davis,* for appellant.
*Clark Smith, Morton G. Forbes, Anton F. Solms, Jr., Gordon B. Smith,* for appellees.