34338. TAGGART v. PHILLIPS et al.

HILL, Justice.

This opinion is rendered on November 2, 1978. The general election is next Tuesday, November 7, 1978.

Following our decision on October 24, 1978, in *Taggart v. Phillips,* 242 Ga. 454, (1978), the trial judge conducted a hearing and entered an order on October 30, 1978.

After finding that at the August 8, 1978, Democratic primary for Georgia House of Representatives District 125, candidate Phillips received 2,194 votes and contestant Taggart received 2,183 votes (a difference of 11 votes), and 1,071 voters who voted at polling places in the district did not vote in this race, the court found that the evidence did not sustain contestant's claim that his name was misaligned on one voting machine resulting in votes being cast for his opponent. The court's order continues:

"After hearing evidence presented by the Plaintiff, I find that at least sixteen registered voters voted in the

wi...
legisla...
    "T...
Chatham...
legislative...
legislative d...
primary elec...
Registrars of h...
prior to the prim...
election at the poll...
he is registered; pu...
and without a prior ch...
34-628, his vote is ch...
upon the contention t...
because of residency r...
Election Code. Was thi...
legislative district electio...
former residence? I find this...
elector. . .

"The provisions of Ga. Code s...
elector to vote in an election district...
residence if he changes his residence w...
prior to a Primary or an election; however, t...
Assembly has not prescribed the prohibition a...
elector voting in a legislative district when...
changed his residence from that district more than...
days prior to the Primary or election."

Unfortunately we must disagree with the d...
below. Code Ann. § 34-631 (c) (as amended, Ga. L. 1...
pp. 1004, 1010) provides: "In the event any elector mo...
to a residence within the county which has a differe...

to
...ction
...n may
...ch he is
... this latter
esidence to a
...y 30 days prior
in the election
vote, but should
pursuant to Code
is name appear on

...hese two subsections
...elsewhere in the elec-
...) provides: "Except as
voting at one central
, and 34-1407 [absentee
...t any primary or election at
...e election district in which he
...4-1929. Although it would appear
...ment to Code Ann. § 34-631 (d) may
exception to § 34-1328 (c) (in addition to
...on and absentee voting), § 34-631 (c) would
exception to § 34-1328 (c).

...wever, while there were 16 nonresident voters
...ed improperly at polling places in the 125th House
...ct, there were 1071 voters in the Democratic
...ary who did not vote in the 125th House race. There is
...anscript and the record does not show that these 16
...s voted in this race. Although the trial judge in his
... stated that he refused to permit voters to be

examined as to whether they voted in the 125th House race, there is no enumeration of error based upon this ruling and no offer of proof that these 16 voters voted in this race. In view of the delay involved in the prior appeal, see *Taggart v. Phillips, supra,* and the fact that the general election is only 4 days away, it would be impracticable to remand this case for further proceedings. In *Taggart v. Phillips, supra,* we wrote: "Appellant must show that a sufficient number of electors voted illegally or were irregularly recorded *in the contest being challenged* to change or cast doubt on the election. It is not for whom they voted but that they voted in *this* 'race' illegally. . ." (Emphasis supplied.) Appellant failed to show that these 16 voters voted in the race being challenged. We therefore find that the contestant has failed in his burden of showing that the votes of these 16 voters were sufficient to place the result of this primary race in doubt. Code Ann. § 34-1703 (c).

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

SUBMITTED NOVEMBER 2, 1978 — DECIDED NOVEMBER 2, 1978 — REHEARING DENIED NOVEMBER 3, 1978.

*Ashman & Zipperer, Alex L. Zipperer, John R. Calhoun, Robert M. Davis,* for appellant.

*Morton G. Forbes, Anton F. Solms, Jr., Clark Smith,* for appellees.