## 36846. BRAZIEL v. BROOKS.

UNDERCOFLER, Chief Justice.

This is an appeal from an election contest involving the Democratic primary run-off for Chatham County Commissioner for the First District. William F. Braziel, contestant, received 2,023 votes and Charles C. Brooks received 2,027. The trial court ruled in favor of Brooks; Braziel appeals. We reverse.

At the hearing, Braziel presented the testimony of 17 persons who swore that they had voted in the August 5, Republican primary election, then, had voted in the August 26, Democratic primary run-off election. He also introduced their voters certificates from both elections showing that they had in fact so registered. Each of these persons also swore that he had voted in the race between Brooks and Braziel.

The Georgia Election Code at Code Ann. § 34-1513, provides that "[o]nly the electors entitled to vote in the first primary or election shall be entitled to vote in any run-off primary or election resulting therefrom: Provided, however, that no elector shall vote in a run-off primary in violation of section 34-624." That section states "... that an elector voting in the primary or primaries held by a single party for the nomination of candidates to seek public offices to be filled in an election *shall not vote in a primary held by any other party* for the nomination of candidates to seek public offices to be filled in the same such election." (Emphasis supplied.) We thus conclude that these 17 persons who crossed parties in the run-off were ineligible to

vote in the race between Braziel and Brooks.

Under the principles set out in *Taggart v. Phillips,* 242 Ga. 454, 455 (249 SE2d 245) (1978), "To cast doubt on an election it is only necessary to show (1) that electors voted *in the particular contest being challenged* and (2) a sufficient number of them were not qualified to vote so as to cast doubt on the election." (Emphasis in original.) Braziel has met this burden and has cast doubt on more than the 4 votes separating these candidates in the run-off results. Therefore, the trial court erred in refusing to order a new run-off between Brooks and Braziel.

We do not reach Brooks' argument that the trial court erred in overruling his motion for judgment on the pleadings for failure to join an indispensable party because Brooks failed to file a cross-appeal.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 7, 1980.

*C. James McCallar, Jr., Owen J. Mullinix,* for appellant.
*Karsman, Brooks, Painter & Callaway, Stanley M. Karsman, David B. Poythress,* for appellee.