## 41781. WHITTINGTON v. MATHIS.
(324 SE2d 727)

HILL, Chief Justice.

Joe Whittington and Henry Mathis were two of the three candidates for the office of City Commissioner representing Ward 2 in the City of Albany, Dougherty County, Georgia. In the primary held on August 14, 1984, none of the three candidates received a majority, which resulted in a runoff primary between Whittington and Mathis held on the 4th day of September. On September 5, municipal election officials announced that Whittington had received 904 votes and Mathis had received 900. On September 6, after a recount, the election officials announced that Whittington had received 902 votes, while Mathis had received 900. On September 10, Mathis filed a petition to contest the results of the runoff with the Board of Commissioners. On September 11, 1984, the Board of Commissioners of the City of Albany passed its resolution declaring the result of the runoff to have resulted in the election of Whittington to the office. After a hearing on Mathis' petition, the Board of Commissioners denied the challenge and affirmed its original decision.

Mathis then filed this suit in Dougherty County Superior Court. Whittington moved to dismiss the complaint on the ground that Mathis had, by filing his petition one day before the Board of Commissioners officially announced the result of the primary, failed to comply with OCGA § 21-3-420 which requires that: "A petition to contest the results of a primary or election shall be filed in writing

with the city clerk within five days after the results of the election are declared by the governing authority." The trial court overruled the motion to dismiss.

Following a hearing, the trial court entered an order setting out the following findings of fact:

"1. The night before the runoff was held on September 4, 1984, several of the poll workers heard a television broadcast by Secretary of State Max Cleland, from which they concluded that a voter must have voted in the August 14, 1984, primary before being allowed to vote in the runoff. When the polls opened in Precinct 20 (Jackson Heights) on September 4, 1984, the workers discussed the broadcast among themselves and concluded that no one should be allowed to vote in the runoff unless they had previously voted in the primary.

"2. Following the unwarranted conclusion, the poll workers rejected the attempts of a number of voters variously estimated to be fourteen (14) to eighteen (18) voters, which said electors left the polling place without voting. Later, about two or three hours after the voting had begun, an objection was made by one of the candidates who, in turn, brought the matter to the attention of the office of the Chairman of the Superintendent of City Elections, which agency called Mrs. Mary B. Hill, the poll manager in Precinct 20, and advised the manager that persons otherwise qualified would be entitled to vote in the runoff election without regard to the fact that they might or might not have voted in the primary. All persons concerned exerted their best efforts, which resulted in the return of most of the rejected voters to the polling place where they cast ballots. Of those turned away, only Rebecca Malone Jones, Mary Hardin Gass, Thelma Morrison and Ozzie Lewis King failed to return to the polling place to cast a ballot in the runoff."

On the basis of these findings of fact, the trial court ordered that the results of the runoff held on September 4 be set aside and that a new runoff be held. Whittington, the incumbent commissioner, brings this appeal.[1]

1. Whittington's first enumeration of error is that the trial court erred in overruling his motion to dismiss. In its order on the motion, the trial court ruled as follows: "The court interprets OCGA § 21-3-420 to mean that the words 'within five days after the results of the election are declared by the governing authority' have the meaning and effect of 'not later than.' This construction serves to accelerate

---

[1] Pursuant to the trial court's order, Whittington's notice of appeal has had the effect of postponing the holding of the runoff pending appeal, thereby allowing him, the incumbent, to hold over in office. Mathis' motion to expedite briefing was granted. His motion to expedite oral argument is denied, the court having concluded that oral argument is unnecessary and would only serve to further delay disposition of this controversy.

the various stages of election contests so as to reach the ultimate decision with all possible deliberate speed. The court does not interpret the statute as precluding the filing of an election contest prior to the declaration of results by the governing authority. *Wall v. Youmans*, 223 Ga. 191 (154 SE2d 191) (1967). Generally, the law favors, and this court seeks to implement the disposition of civil disputes of this type on the merits of the case rather than on the basis of a technicality." We affirm the order of the trial court. *Garnto v. Wheeler*, 235 Ga. 405, 406 (219 SE2d 721) (1975). See also *Gillen v. Bostick*, 234 Ga. 308 (1) (215 SE2d 676) (1975).

2. Whittington's second enumeration of error is that there was insufficient evidence to set aside the election. He contends both that the evidence was insufficient to support the findings of fact (a contention which, having reviewed the record, we reject), and that the finding that four voters were erroneously denied their right to vote is insufficient to cause the results to be set aside because no evidence was presented as to how they would have voted. Thus, he contends, their exclusion does not cast the results in doubt. Under Georgia law, however, Mathis need not establish how the rejected voters would have voted; he need only establish that sufficient legal votes were rejected to change or place in doubt the result. OCGA § 21-3-422. *Taggart v. Phillips*, 242 Ga. 454, 455 (249 SE2d 245) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 3, 1985.

*Burt, Burt & Davis, C. Nathan Davis*, for appellant.
*M. Laughlin McDonald*, for appellee.