## 46026. JOHNSON et al. v. NICELY et al.

(372 SE2d 223)

GREGORY, Justice.

The issue before this court is whether a meeting of the Warren County Board of Commissioners violated the notice provisions of the Open Meetings Act, OCGA § 50-14-1 (d). The trial court found the notice posted by the Commission for a public meeting to determine whether to apply to be the host site for a hazardous waste dump did not meet the requirements of the statute, and enjoined the Commission under OCGA § 50-14-1 (f) from filing the application.[1] The notice in question was posted on the community bulletin board of the Warren County Courthouse at 3:00 p.m., Friday, March 25, 1988. It stated:

March 25, 1988

The Warren County Board of Commissioners will be meeting at approximately 1:00 p.m. on Sunday, March 27, 1988 at the Community Services Building. The Board of Commissioners will be meeting on Monday, March 28, 1988 for a special called meeting to discuss important matters between the hours of 8:00 a.m. and 5:00 p.m.[2]

The Open Meetings Act, OCGA § 50-14-1 (c), provides that "[a]ll meetings of any agency at which proposed official action is to be discussed or at which official action is to be taken shall be open to the public at all times." There is no contention that the meeting in question was closed to the public. It is undisputed that the meeting was open to members of the press and public, and that representatives of both groups were in attendance. The narrow issue before us is whether the notice of the specially called March 28 meeting complied with the requirements of OCGA § 50-14-1 (e).[3] This section provides in relevant part,

---

[1] The trial court's order is appended.

[2] The meeting held on Sunday, March 27, 1988 was a public forum at which a number of experts discussed the nature of hazardous waste facilities.

[3] OCGA § 50-14-1, as amended by Ga. Laws 1988, p. 235, § 1, effective July 1, 1988, is not applicable to this case.

> Every agency shall prescribe the time, place and dates of *regular* meetings of the agency. Such information shall be available to the general public. . . . Whenever . . . .any *specially called meeting* required to be open to the public is to be held, the agency shall give due notice thereof. A notice shall be sufficient if posted for a period of 24 hours at the place of regular meetings. When special circumstances occur and are so declared by an agency, that agency may hold a meeting with less than 24 hours' notice upon giving such notice as is reasonable under the circumstances, in which event the reason for holding the meeting within 24 hours and the nature of the notice given shall be recorded in the minutes. [Emphasis supplied.]

The trial court found that because the notice of the March 28 specially called meeting did not specify the exact time or place of the meeting, it was deficient under the Act. However, as can be seen from the code section, the legislature has set out three notice requirements for *regular* meetings of a state agency. The notice must "prescribe the time, place and dates of regular meetings of the agency." The legislature has separately set out three notice requirements for a *specially called meeting*. 1) The notice must be posted for a period of 24 hours prior to the meeting. 2) The notice must be posted "at the place of regular meetings." 3) Last, the content of the notice must provide "due notice" of the meeting.

There is no question but that the notice was posted 24 hours prior to the meeting. Appellees argue that because the notice was posted only two hours before the "close of business" on Friday, the 24-hour requirement was not met.[4] However, the legislature has required only that notice be posted for a period of 24 hours in advance of a specially called meeting. The statute does not require that the notice be posted 24 "business" hours in advance of the meeting.

Likewise, there is no contention that the notice in this case was not "posted. . . .at the place of regular meetings." Notice of *where* a meeting will be held is covered by the requirement that the notice be posted at the place of the regular meeting. This obviously indicates that a specially called meeting will be held where regular meetings are held, as was done in this case.

The only remaining issue is whether the content of the notice constituted "due notice" within the meaning of OCGA § 50-14-1 (e).

---

[4] The Sheriff of Warren County filed an affidavit stating the Warren County Courthouse is open to the public on weekends, and that the public has ready access to the bulletin board where this notice was posted. There was some evidence in the record tending to contradict this.

No Georgia cases have interpreted this provision. We hold that due notice is the giving of that information sufficient for one to make the expected response. The notice in this case that the specially called meeting would be held "between 8:00 a.m. and 5:00 p.m." provided "due notice" under OCGA § 50-14-1 (e). Anyone who saw the notice could have attended the meeting had he or she chosen to do so. At most a citizen would have wasted an hour and five minutes by coming to the courthouse at 8:00 a.m. Even that could have been avoided by a telephone call. Thus it is not the *content* of the notice that is the problem. It is that the citizens did not see the notice. But in that regard we are bound by what the statute itself requires. It requires due notice posted 24 hours at the place of regular meetings. If more effective notice is desired, the statute must be amended.

We therefore hold that the trial court erred in enjoining the Warren County Board of Commissioners from applying to be the host site for a hazardous waste incinerator and storage facility.

*Judgment reversed. All the Justices concur except Weltner, Bell and Hunt, JJ., who dissent.*

WELTNER, Justice, dissenting.

1. The notice that is "due" to the public must be interpreted in light of the purpose of the Open Meetings Law.

We note that the Act was enacted in the public interest to protect the public — both individuals and the public generally — from "closed door" politics and the potential abuse of individuals and the misuse of power such policies entail. Therefore, the Act must be broadly construed to effect its remedial and protective purposes.

*Atlanta Journal v. Hill*, 257 Ga. 398, 399 (359 SE2d 913) (1987).

2. The issue is whether the following notice complies with the statute:

March 25, 1988

The Warren County Board of Commissioners will be meeting at approximately 1:00 p.m. on Sunday, March 27, 1988 at the Community Services Building. The Board of Commissioners will be meeting on Monday, March 28, 1988 for a special called meeting to discuss important matters between the hours of 8:00 a.m. and 5:00 p.m.

3. The trial court concluded that the notice was inadequate, based upon the extensive factual findings contained in its order.

4. Laying aside the factual determinations in the trial court, I

suggest that the notice fails to comply with the requirements of OCGA § 50-14-1 (e) that "[e]very agency shall prescribe the time, place and dates:"

(a) it does not state the "time" of the meeting;

(b) it does not state the "place" of the meeting.

The most it can be is a statement that at *some* place, at *some* time during the working day, the county commissioners will hold a meeting.

Thus, the "notice," as a matter of *law*, was inadequate.[1]

I am authorized to state that Justice Bell and Justice Hunt join in this dissent.

DECIDED SEPTEMBER 30, 1988 —
RECONSIDERATION DENIED OCTOBER 19, 1988.

*Groover & Childs, Denmark Groover, Jr., Harold A. Hinesley,* for appellants.

*Jeffrey G. Gilley,* for appellees.

APPENDIX.

## FINDINGS OF FACT

### 1.

On Monday, March 28, 1988, the Warren County Board of Commissioners voted two to one to file an application to have a hazardous waste incinerator and storage facility located in that county. This meeting of the Commission, according to the minutes, convened at approximately 9:05 a.m. and ended at approximately 10:00 a.m.

### 2.

A document containing the following language, which purports to give notice of this meeting and another specially called meeting to be held on Sunday, March 27, 1988 was posted on the bulletin board at the Warren County Courthouse at 3:00 p.m. on Friday, March 25, 1988, some two

---

[1] This determination leaves unaddressed the fulfillment of the statutory requirement that notice be "posted for a period of 24 hours at the place of regular meetings." It strains rationality to suggest that the public is served when required notice is posted at 3:00 p.m. Friday on the courthouse bulletin board.

hours before the close of regular business hours;

## March 25, 1988

The Warren County Board of Commissioners will be meeting at approximately 1:00 p.m. on Sunday, March 27, 1988 at the Community Services Building. The Board of Commissioners will be meeting on Monday, March 28, 1988 for a special called meeting to discuss important matters between the hours of 8:00 a.m. and 5:00 p.m.

### 3.

The Court finds that this notice was unique in that it served as notice for two separate specially called meetings of the Commission, and that no two specially called meetings of that body have ever before been noticed in a single instrument.

### 4.

The Court finds that as to that portion of the notice dealing with the Monday meeting at which the vote in question took place, the defendants failed absolutely to prescribe the place at which that meeting was to be held, and to make that information available to the public.

### 5.

The Court finds as to that portion of the notice dealing with the Monday meeting, the defendants failed to prescribe the time at which the meeting was to be held, and to make that information available to the public.

### 6.

Lynette Norris, Clerk of the Commission, testified at the hearing on the matter on June 16, 1988, that it was not unusual for specially called meetings to be noticed for a time span of, for example, "between the hours of 8:00 a.m. and 5:00 p.m.," as was done in this case, rather than for a specific time. However, following the hearing, Ms. Norris reviewed the notices themselves for the past three years and filed an affidavit with the Court stating that her testimony had been in error, and that all notices of specially called meetings from February 1985 to the present specified an *exact* time for those meetings, with but one exception. The manner of no-

tice given in this case is a departure from the established practice of the Board.

7.

Prior to the March 28, 1988 meeting the Commission had discussed this issue in other meetings. Those were the regular monthly meeting for March on March 1, 1988, at which the Commission voted unanimously to *not* file the application; the specially called meeting on March 14, 1988, at which the Commission decided to hold an educational and informational meeting on the subject of the facility; and finally the purported educational meeting held on Sunday, March 27, 1988.

8.

Prior to the attempted public notice the proposed Sunday meeting had been advertised by the Board through notices published in the *Warrenton Clipper* on March 18 and March 25. Those notices consistently characterized the Sunday meeting as "educational and informational only." They stated that the Commission was already on record as being unanimously opposed to the hazardous waste facility. The notices stated that the fact that this educational meeting was being held "is not stating or implying that Warren County will file an application for the facility." The notice published on March 25, emphasized that the meeting was "UNBIASED, NON-POLITICAL, STRICTLY EDUCATIONAL." These notices did not state that this would be a meeting of the Commission, or even that the commissioners would attend. The Court finds that the actual purpose of that meeting was to gauge public sentiment about the hazardous waste facility and to reconsider the vote to file an application for the facility. The Court finds that the notices published in the *Warrenton Clipper* served to discourage attendance at the Sunday meeting by those who opposed the facility. In light of the ultimate action of the Commission at its Monday meeting the Court finds that the notices published in the *Warrenton Clipper*, though not subject to the Open Meetings Act, were artfully designed to confuse and mislead the public.

9.

In conclusion the Court finds that the action taken by

the Warren County Board of Commissioners in the meeting of Monday, March 28, 1988, regarding the proposed hazardous waste facility appears to have been the result of a governmental process replete with overtones and examples of machination, subtlety and contrivance, and that the Open Meetings Act was enacted with the purpose and intent of discouraging just such behavior by public boards and agencies.

## CONCLUSIONS OF LAW

The Complaint sets forth a valid cause of action for injunctive relief against the defendants for violation of the Open Meetings Act. O.C.G.A. Sec. 50-14-1(f). The defendants may be sued in the capacities set forth in the complaint. The plaintiffs have filed this action in a timely manner.

1.

The notice provisions of the Act read as follows:

Every agency shall prescribe the time, place and dates of regular meetings of the agency. Such information shall be available to the general public. Meetings shall be held in accordance with a regular schedule, but nothing in this subsection shall preclude an agency from cancelling or postponing any regularly scheduled meeting. Whenever any scheduled, adjourned, or postponed meeting required to be open to the public is to be held at a time other than that regularly scheduled, or when any specially called meeting required to be open to the public is held, the agency shall give *due notice* thereof. . . .

O.C.G.A. Sec. 50-14-1(e) (emphasis added).

2.

The "due notice" requirement under subsection (e) for specially called meetings must be interpreted at least as stringently as the notice requirement for regular meetings. The need for detailed public notice of special called meetings is as great or greater than the need for detailed notice of regular meetings as mandated by the Act. The "due notice" for any specially called meeting must of necessity set forth the "time, place and date" of such meeting.

## 3.

The Court concludes that the public was not afforded "due notice" of the "place" of the Monday, March 28, 1988 meeting of the Warren County Board of Commissioners at which the vote in question was taken.

## 4.

The Court concludes that the public was not afforded "due notice" of the "time" of the Monday, March 28, 1988 meeting of the Warren County Board of Commissioners at which the vote in question was taken.

## 5.

The Court has jurisdiction to issue injunctions to further the purposes of the Open Meetings Act. O.C.G.A. Sec. 50-14-1(f). One of the purposes of the Act is to engender confidence and trust in public acts and in public officials. *McLarty v. Board of Regents of the University System*, 231 Ga. 22 (1973). The Court concludes that provisions of the Open Meetings Act dealing with notice were not complied with by the notice posted on Friday, March 25, 1988 and that the violation by defendants of the Act affords injunctive relief in favor of the plaintiffs herein. The issuance of an injunction in this case will serve to further the purposes of the Act by discouraging vague, and misleading notices of public meetings in the future. The action taken by the Warren County Board of Commissioners at the Monday, March 28, 1988 meeting is void.

THEREFORE, IT IS CONSIDERED, ORDERED AND ADJUDGED that defendants are enjoined from effecting the action of the Warren County Board of Commissioners taken on March 28, 1988 and that they are enjoined from further offering Warren County as the host site for the hazardous waste facility via the application filed with the State on April 1, 1988.