46287, 46288. HAMMILL et al. v. VALENTINE et al. (two cases).
(373 SE2d 9)

SMITH, Justice.

This is the second appearance of this election contest. We affirm.

The appellees, Michael Valentine, an aggrieved elector, and Edgar M. Edwards, a candidate, filed their first petition contesting the August 30, 1988 Democratic Primary runoff for nomination to the Georgia State Senate for the Third District on September 12, 1988 in the Superior Court of Glynn County.[1] The petition alleged, among other things, that illegal votes were received at the polls sufficient to place the results in doubt. See OCGA § 21-2-522 (3). The appellees filed a second petition on September 20, 1988.[2]

During an October 6, 1988 hearing on the second petition the appellants moved to dismiss the second petition on the ground that it was not filed in a timely manner. Without initially ruling on that issue the court proceeded to hear evidence. During the hearing the trial judge was notified that this Court had reversed his judgment dismissing the first petition and he consolidated the two cases.

The trial court found that there was a sufficient number of illegal votes cast and counted in the race to place the results of the election in doubt. See OCGA § 21-2-522 (3). In compliance with OCGA § 21-2-527 (d), the trial judge declared the election invalid and issued a call for another election to be conducted on October 25, 1988.

1. The appellants lack standing to complain about alleged violations of certain voters' constitutional rights under the Fifth Amend-

---

[1] During a September 22, 1988 hearing, the appellants, Joseph Hammill, a candidate in the runoff, and Cecil Little, Chairman of the Glynn County Board of Elections, argued against the appellees' motion to correct the filing date of the first petition. The appellants argued that the petition was delivered to the clerk after regular office hours on September 12, 1988, thus it was untimely. The trial court agreed and dismissed the first petition. We reversed the trial court's ruling in *Valentine v. Hammill,* 258 Ga. 581 (____ SE2d ____) (1988), and held that the petition was filed on September 12, 1988.

[2] Because OCGA § 21-2-524 (a) does not make it clear whether the five-day limitation begins to run from the initial count or a recount, if there is one, the plaintiffs/appellees filed their first petition on September 12, 1988, within five-days of certification of the initial returns by the Secretary of State (September 6, 1988), and an identical petition on September 20, 1988, within five-days of the certification of the recount by the Secretary of State (September 19, 1988).

ment to the United States Constitution, and Art. II, Sec. I, Par. I of the Georgia Constitution. Thus we will not consider the appellants' first twenty enumerations of error.

2. We agree with the trial court that sufficient illegal votes were received, placing the results of the election in doubt. See OCGA § 21-2-522 (3); *Taggart v. Phillips*, 242 Ga. 454 (249 SE2d 245) (1978). After making its finding, the trial court was required to declare the election invalid and call for another election. See OCGA § 21-2-527 (d). We find no error.

3. Appellant Hammill argues that the trial court erred in dismissing his motion to dismiss the petition as being untimely. He argues that the five-day limit begins to run from the date the five counties certified the returns, not the date the Secretary of State certified the returns.

(a) This court ruled, without expressly stating, that the five-day period for filing an election contest begins after the results are certified by the Secretary of State. See *Valentine v. Hammill*, 258 Ga. 581 (____ SE2d ____) (1988). Thus the trial court did not err in denying appellant Hammill's motion to dismiss.[3]

(b) Appellant Little argues that the five-day limitation period begins to run from the date of the certification by the Secretary of State of the election rather than the recount.

When there is a recount, the five-day period begins to run from the date of the certification of the recount by the Secretary of State. Any other interpretation would deny an apparent winner of the initial election and apparent loser of the recount an opportunity to challenge the recount.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 21, 1988.

*Lee & McMillan, Robert L. Russell III, Eugene Highsmith*, for appellants.

---

[3] If the five-day limitation began when each county certified its results, a plaintiff could be faced with varying limitations as was seen in *Schloth v. Smith*, 134 Ga. App. 529 (215 SE2d 292) (1975). *Schloth* involved returns from six counties. The returns were certified by the counties on November 6th and November 8th, leaving the plaintiff only three days in which to file a petition to contest all of the counties in the six-county election or requiring him to file one petition for each county as the results were certified by the counties. The legislature intended to give each plaintiff five days in which to file one petition challenging an election. The certification by the Secretary of State provides the beginning of the five-day limitation.

*Charles M. Jones,* for appellees.