S98A1220. HEAD v. WILLIAMS et al.
(506 SE2d 863)

FLETCHER, Presiding Justice.

The issue in this appeal concerns when the date for a hearing may be set in an election contest. We hold that the hearing may be held on the same day that the defendants are required to file an answer if the parties have had reasonable notice of the hearing date.

---

Since the petitioner Willie T. Head received adequate notice of the hearing date for his election challenge, the trial court did not abuse its discretion in denying his motion for a continuance. Therefore, we affirm.

On November 4, 1997, Bunnis Williams received a majority of the votes cast for the district two seat on the Valdosta City Council. On November 11, candidate Head filed a petition to contest the election results. Williams and a third candidate were personally served with the complaint and a summons directing them to answer by November 24, 1997, the "return day." The superior court clerk also set November 24 as the date for a hearing. Head was informed on November 18 that a hearing date was being set, and he received his written copy of the notice on November 21. At the hearing, Head moved for a continuance on the grounds that he needed time to hire an attorney, develop support for his complaint, and subpoena witnesses. The trial court denied the motion for a continuance and upheld the election of Bunnis Williams to the Valdosta City Council. Head appeals, contending that the hearing was held one day prior to the time allowed by law.

1. The Georgia Municipal Election Code provides for expedited review of election contests.[1] OCGA § 21-3-424 (a) requires a petition to contest the result of a primary or general election to be filed within five days after the certification of the election returns. After the filing, a notice must be issued requiring the candidates to appear and answer the petition no less than five days, nor more than ten days, after service.[2] OCGA § 21-3-425 (a) provides that the presiding judge shall set a hearing date "within 20 days after the return day fixed in the notice." At the hearing, the court may limit the time for taking testimony.[3] The Election Code also provides procedures for accelerating the review of election contests on appeal.[4]

In interpreting the procedure for filing election contest petitions, we have construed the requirement that the petition must be filed "within" five days of the certification of election results to mean "not later than."[5] Thus, we have held that the trial court did not have jurisdiction to hear an election contest that was filed one day late,[6] but have considered the merits of election contests filed prior to the

---

[1] See *Payne v. Chatman*, 267 Ga. 873, 875 (485 SE2d 723) (1997).

[2] OCGA § 21-3-424 (f).

[3] OCGA § 21-3-425 (c).

[4] See *Payne v. Chatman*, 267 Ga. at 875; *Caplan v. Hattaway*, 269 Ga. 582 (501 SE2d 195) (1998).

[5] See *Whittington v. Mathis*, 253 Ga. 653 (324 SE2d 727) (1985) (affirming trial court decision that statute does not preclude the filing of an election contest prior to the declaration of results).

[6] See *Mayor and Council of Wadley v. Hall*, 261 Ga. 681 (410 SE2d 105) (1991).

declaration of the election's results.[7] Considering petitions filed early " 'serves to accelerate the various stages of election contests so as to reach the ultimate decision with all possible deliberate speed.' "[8]

In this case, the question is the meaning of the requirement that the judge must set a hearing date "within 20 days after the return day" fixed in the notice sent to the defendant. We follow our prior decisions and the great majority of jurisdictions in construing "within" to mean "not later than."[9] Thus, the term provides a deadline by which the judge must set a date for a hearing.[10] This interpretation is consistent with the purpose of the procedural rules to have election contests resolved as quickly as possible.

Based on this interpretation, the trial court did not violate the statute by setting a hearing date on the same day as the return day fixed in the notice to the defendants. From the time he filed his petition, Head knew that he had the burden of presenting evidence to support his allegations of illegal voting and tampering with absentee ballots. He had six days' notice that a hearing date was being set and three days' notice of the actual date of the hearing. Since he was the petitioner in the election contest, this notice was reasonable. Therefore, the trial court did not abuse its discretion in denying the petitioner's motion for a continuance.

2. To succeed in an election challenge, the petitioner must show that the election was so defective as to make doubtful the election results.[11] The trial court correctly found that the petitioner failed to demonstrate any irregularities or illegalities in the election process sufficient to place the election results in doubt.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1998.

*Langdale, Vallotton, Linahan, Threlkeld & Wetherington, William P. Langdale, Jr., William P. Langdale III*, for appellees.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, George T. Talley, Edward F. Preston*, amicus curiae.

---

[7] See, e.g., *Garnto v. Wheeler*, 235 Ga. 405 (219 SE2d 721) (1975) (although technically incorrect, trial court afforded substantial justice when treated protest filed prior to declaration of the election's results as substantially valid).

[8] See *Whittington*, 253 Ga. at 654 (quoting trial court order).

[9] See *Wall v. Youmans*, 223 Ga. 191, 192 (154 SE2d 191) (1967).

[10] Id.

[11] OCGA § 21-3-427 (d); *McCranie v. Mullis*, 267 Ga. 416 (478 SE2d 377) (1996).