## S03A0136. HOWELL v. FEARS.
### (571 SE2d 392)

THOMPSON, Justice.

On August 20, 2002, a total of 2,660 registered voters in Spalding, Lamar and Butts Counties cast ballots in the race to determine the Democratic nominee for State Representative in House District 92. Lee N. Howell and William A. Fears were the only candidates in that race. The voters cast 1,347 votes for Howell and 1,313 votes for Fears, a difference of 34 votes.

It was subsequently discovered that the ballots in Precinct 9 of Spalding County made no mention of the House District 92 race. A total of 43 registered voters cast ballots in that precinct.[1]

Fears contested the results of the primary election, asserting the omission of the House District 92 race from the ballots in Spalding County's Precinct 9 was sufficient to place the result of the election in doubt. The superior court agreed. It invalidated the results of the primary election and ordered that a new election be held on October 22, 2002. Howell appeals, and we granted his motion for expedited review.

OCGA § 21-2-522 (1) provides that the result of an election may be contested for "[m]isconduct, fraud, or irregularity by any primary or election official or officials sufficient to change or place in doubt the result." In order to prevail under this Code section, the contestor must affirmatively show that a sufficient number of voters voted ille-

---

[1] In the other Spalding County precincts, 1,097 voters cast ballots for Howell and 360 voters cast ballots for Fears.

gally or were irregularly recorded in the contest being challenged to make a difference or cast doubt on the outcome. *Taggart v. Phillips*, 242 Ga. 484 (249 SE2d 268) (1978); *Miller v. Kilpatrick*, 140 Ga. App. 193 (230 SE2d 328) (1976). We have no hesitation in concluding that Fears satisfied that burden. After all, the number of irregular ballots cast in Spalding County's Precinct 9 exceeded Howell's margin of victory.

It was not incumbent upon Fears to show how the Precinct 9 voters would have voted if their ballots had been regular.[2] He only had to show that there were enough irregular ballots to place in doubt the result. He succeeded in that task.

Howell asserts the superior court erroneously ordered a new primary election for the entire House District inasmuch as irregular ballots were only cast in Precinct 9. We disagree.

OCGA § 21-2-527 (d) provides:

> Whenever the court trying a contest shall determine that the primary, election, or runoff is so defective as to the nomination, office, or eligibility in contest as to place in doubt the result of the *entire* primary, election or runoff for such nomination, office, or eligibility, such court shall declare the primary, election, or runoff to be invalid with regard to such nomination, office or eligibility and shall call for a second primary, election, or runoff to be conducted among all of the same candidates who participated in the primary, election, or runoff to fill such nomination or office which was declared invalid and shall set the date for such second primary, election, or runoff.

(Emphasis supplied.)

In light of this statutory mandate, the superior court properly voided the entire election and ordered that a new election be held in House District 92. See generally *Bush v. Johnson*, 111 Ga. App. 702, 706 (143 SE2d 21) (1965) (if contestant carries burden, election should be voided and another held).

*Judgment affirmed. All the Justices concur, except Sears, P. J., who is disqualified.*

---

[2] Just how the voters would have cast their ballots is immaterial. "It is basic in the American democratic process of elections that an individual voter's right to privacy as to how he cast his ballot is inviolate. It is improper and erroneous for courts to engage in presumptions of any kind in that exclusive area of privacy." *Miller v. Kilpatrick*, supra at 194.

*McKenna, Long & Aldridge, David Balser, Gregory S. Brow*, for appellant.

*Smith, Welch & Brittain, A. J. Welch, Jr., L. Scott Mayfield, Beck, Owen & Murray, James R. Fortune, Jr.*, for appellee.