S09A1445. BROUGHTON v. DOUGLAS COUNTY BOARD OF
ELECTIONS et al.
S09A1446. QUARTERMAN v. DOUGLAS COUNTY BOARD OF
ELECTIONS et al.

(690 SE2d 141)

CARLEY, Presiding Justice.

In the general election held in Douglas County on November 4, 2008, James Quarterman was a candidate for Chairman of the Board of Commissioners, and Derrick T. Broughton was a candidate for Sheriff. On November 7, the Chairman of the Douglas County Board of Elections and Registration signed a consolidated certification of election returns, which showed that Quarterman and Broughton (Appellants) lost their respective races. The Secretary of State received that certification on November 9. After a mandatory recount in the race for Tax Commissioner was conducted on November 12, the Board re-certified the election results for that office on November 14.

On November 17, Appellants filed a petition, naming as defendants the Board, the Election Supervisor, the Commission Chairman, and the Sheriff (Appellees), to contest the election and to stay certification of the results. On December 15, the Election Supervisor, who is not a member of the Board, sent a letter to the Secretary of State containing a "corrected version of our certified results." Neither the original nor the purportedly corrected election results brought either Appellant within the one percent margin required for a mandatory recount pursuant to OCGA § 21-2-495 (c). After a hearing, the trial court granted a motion to dismiss filed by Appellees, ruling that the petition was not timely filed "within five days after the official consolidation of the returns of that particular office or question and certification thereof by the election official having responsibility for taking such action . . . ." OCGA § 21-2-524 (a). Broughton appeals in Case Number S09A1445, and Quarterman appeals pro se in Case Number S09A1446.

1. Both Appellants contend that the trial court erred in ruling that certification by the Board of Elections and Registration triggers the five-day filing period.

"Our legislature put a very short fuse on election contest cases. OCGA § 21-2-524 requires cases contesting election results to be brought within five days of certification of the returns." *Plyman v. Glynn County*, 276 Ga. 426, 428 (578 SE2d 124) (2003). This short period of time " 'reflects the legislature's strong desire to avoid

election uncertainty and the confusion and prejudice which can come in its wake. Certainly, the swift resolution of election contests is vital for the smooth operation of government.' [Cit.]" *Swain v. Thompson*, 281 Ga. 30, 31 (2) (635 SE2d 779) (2006). "Thus, we have held that the trial court did not have jurisdiction to hear an election contest that was filed one day late, [cit.] . . ." *Head v. Williams*, 269 Ga. 894, 895-896 (1) (506 SE2d 863) (1998).

Contrary to Appellants' argument, neither the Georgia Election Code nor case law indicates that the five-day period is always measured from certification by the Secretary of State. The very opposite is strongly implied by the language of OCGA § 21-2-524 (a). That statute measures the five-day period from official consolidation of the returns for the particular office and certification thereof "by the election official having responsibility for taking such action" under the Georgia Election Code. OCGA § 21-2-524 (a). Instead of the quoted verbiage, the only language necessary would have been the phrase "by the Secretary of State" if the legislature had intended for the five-day period always to be measured from certification by the Secretary of State.

Furthermore, the Secretary of State does not have any statutory duty to certify the returns for county offices. The only duty of certification placed on the Secretary of State applies to the election of federal and state officers and to questions voted for in more than one county. OCGA § 21-2-499 (a). See also OCGA § 21-2-497 (4) (A) (requiring county superintendent to file a separate return for federal and state officers with the Secretary of State). In those elections alone, "the five-day period for filing an election contest begins after the results are certified by the Secretary of State. [Cit.]" *Hammill v. Valentine*, 258 Ga. 603, 604 (3) (a) (373 SE2d 9) (1988). Otherwise, a plaintiff could be faced with varying limitation periods, beginning on the date that each of multiple counties certifies its results. *Hammill v. Valentine*, supra at 604 (3) (a), fn. 3. That potential difficulty is not present with respect to a single-county office such as Commission Chairman or Sheriff.

Because the Secretary of State only certifies election returns for federal and state offices, the sole election official specified in the Code as having responsibility for consolidation and certification of election results for other offices is the local superintendent. OCGA § 21-2-493 (a), (k). See also OCGA § 21-2-502 (d) (only the superintendent issues certificates of election for county offices). The superintendent for Douglas County is the Board of Elections and Registration. OCGA § 21-2-2 (35) (A); Ga. L. 2008, pp. 3880, 3881, § 1.

Therefore, the five-day period of OCGA § 21-2-524 (a) for filing a petition to contest the election results for a county office begins to

run when the county superintendent, in this case the Board of Elections and Registration, has officially consolidated and certified the returns for the particular office. This is consistent with the rationale of *Hammill v. Valentine*, supra, that "[t]he legislature intended to give each plaintiff five days in which to file one petition challenging an election."

2. Appellants make several arguments that the date on which the Board certified the election returns was actually later than November 7. In their petition, however, they rely wholly on the alleged date of certification by the Secretary of State, admitting that "[t]he date of the declaration of the result of the general election by the body canvassing the returns thereof, namely the Douglas County Board of Elections and [Registration], was November 7, 2008."

In any event, none of Appellants' arguments are meritorious. The trial court's finding that the date of certification was November 7 is supported by evidence that, on that date, the Chairman of the Board of Elections, pursuant to the Board's practice or procedure, signed the certification form on the only signature line provided for the superintendent. See Ga. L. 2008, pp. 3880, 3883, § 8 (a); *Banker v. Cole*, 278 Ga. 532, 533 (2), (3) (604 SE2d 165) (2004) (substantial compliance with election law). The fact that the November 7 certification included federal and state offices did not make the Secretary of State responsible for official certification of the county offices as well. The five-day period is measured from certification for the "particular office." OCGA § 21-2-524 (a). Thus, although *Hammill* correctly observes that each plaintiff has "five days in which to file one petition challenging an election," the statute clearly permits different filing dates for different races in any given election, depending on when the appropriate party certifies the results for the "particular office" at issue.

Furthermore, the Election Code does not provide that a mandatory recount and re-certification of the results in one race require re-certification of the results in other races and a second opportunity to contest such other elections. See OCGA § 21-2-495 (c). The apparent loser of the race which is the subject of the recount must be given five days after re-certification in which to challenge the election. *Hammill v. Valentine*, supra at 604 (3) (b). The purpose of this exception to measurement of the five-day period from the date of initial certification is to preserve the right of an apparent winner who becomes an apparent loser to contest the election. *Hammill v. Valentine*, supra. That exception does not apply to Appellants or other candidates whose races were not subject to a recount, who have remained the apparent losers since certification of their races, and who have therefore already had a real opportunity to challenge the election within five days after certification of the initial count. We

also note that the December 15 letter cannot constitute a re-certification of Appellants' races, as it was not an action by the Board, it was not the result of any recount, and its purpose was to correct a clerical error which did not change the result of any races.

3. When the Douglas County Board of Elections and Registration certified the election results on Friday, November 7, 2008, Appellants had through Wednesday, November 12 to file a petition. However, because they did not file the petition until Monday, November 17, "the trial court in this case was without jurisdiction to decide the merits of the statutory election contest." *Mayor & Council of the City of Wadley v. Hall*, 261 Ga. 681 (1) (410 SE2d 105) (1991). Accordingly, the trial court properly dismissed the petition, and this Court cannot consider Quarterman's contentions regarding the merits thereof.

4. Telephone communications between defense counsel and the trial court's calendar clerk regarding re-scheduling of the hearing on the motion to dismiss from December 29, 2008 to January 5, 2009 did not constitute improper ex parte communications where Appellants were notified and appeared at the hearing. See *Cagle v. Davis*, 236 Ga. App. 657, 662 (4) (a) (513 SE2d 16) (1999).

5. Quarterman also contends that the trial court erred by violating the requirement in OCGA § 21-2-525 (a) that a time and place for the hearing of the contest proceeding be set within 20 days after the return day fixed in the notice sent to the defendants pursuant to OCGA § 21-2-524 (a). However, Quarterman fails to show from the record that this issue was raised in the trial court. See *In the Interest of A. S.*, 293 Ga. App. 710, 711 (1) (667 SE2d 701) (2008). Moreover, Quarterman cannot show how he was harmed since, due to the untimeliness of the petition, the trial court did not have jurisdiction to hold a hearing on the merits and rule thereon. "[T]he untimeliness of the challenge prevented the trial court from ever obtaining jurisdiction over the challenge." *Mayor & Council of the City of Wadley v. Hall*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 2010 —
RECONSIDERATION DENIED MARCH 1, 2010.

*Joan P. Davis*, for appellant (case no. A09A1445).
James Quarterman, *pro se.*
*Freeman, Mathis & Gary, Benton J. Mathis, Jr., David A. Coe*, for appellees.