## 39283. POYTHRESS v. MOSES.

CLARKE, Justice.

A person elected to serve as district attorney must have been a member of the State Bar of Georgia for three years immediately preceding his election. Georgia Constitution, Art. VI, Sec. XIII, Par. I (Code Ann. § 2-4201). This appeal raises the issue of the exact day on which the election occurs so as to determine whether a candidate may qualify to serve as district attorney. We are also faced with the question of whether the fact that the candidate lost the election renders the case moot.

We have determined that mootness does not prevent our consideration of this case and that election as used in the constitutional provision under consideration means the day on which the votes are cast.

Moses filed notice of candidacy for the office of district attorney of the Middle Judicial Circuit but was notified by the Secretary of State that he did not satisfy the requirements of the Georgia

Constitution. The date of the 1982 general election was November 2, 1982. The third anniversary of Moses' admission to the State Bar of Georgia was November 8, 1982.

The trial court held that the election is not complete until the votes are tabulated and certified by the Secretary of State and that, therefore, the election would not be completed until a date subsequent to November 2. The court enjoined the Secretary of State from deleting Moses' name from the ballot. We reverse.

1. At the outset, it is necessary to decide whether this case has been removed from our review because of mootness. When Poythress appealed the trial court's order he moved for a supersedeas, which we denied. Moses now contends that since he lost the election the appeal is moot. The time period between the determination of qualifications of a candidate and the day of election is brief and because of this the opportunity for review is diminished. We hold that this is one of those questions which is capable of repetition yet evading review. In Storer v. Brown, 415 U. S. 724 (94 SC 1274, 39 LE2d 714) (1974), the United States Supreme Court found that the application of the " 'capable of repetition yet evading review' " rule is appropriate in dealing with a mootness challenge in a case where the attack upon an election statute is either facial or as applied. The court held that "[t]he construction of the statute, an understanding of its operation, and possible constitutional limits on its application, will have the effect of simplifying future challenges, thus increasing the likelihood that timely filed cases can be adjudicated before an election is held." Id. at 737, n. 8. We believe this reasoning should be applied to this case and that the court should decide the issue before it.

2. The only question remaining is whether the word "election" as it appears in the constitutional provision means the day the votes are cast or the day when they are finally tabulated and certified by the Secretary of State. In *Hulgan v. Thornton,* 205 Ga. 753, 757 (55 SE2d 115) (1949), we held that "[a]s to the time at which a person's eligibility for public office is determined, this court has consistently fixed it at the date of the election." See also *Bower v. Avery,* 172 Ga. 272 (158 SE 10) (1931). The trial court here distinguished *Hulgan v. Thornton,* saying that case involved a county office which did not require certification by the Secretary of State as does the constitutional office of district attorney. We can find no valid distinction. The only real question is the meaning of the word "election." Black's Law Dictionary (4th Ed.) defines election as "[t]he choice of an alternative." The choice is made not by the office which tabulates and certifies the results but rather by the voters who cast their ballot. The tabulation and certification have only to do with the determination of a choice that was made at an earlier time. The

election has occurred as soon as the choice is made and the choice was made on the day the votes were cast.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 4, 1983.

*Michael J. Bowers, Attorney General, Thomas D. Watry, Assistant Attorney General,* for appellant.

*Alan P. Layne,* for appellee.