## S97A0028. McCRANIE v. MULLIS et al.
(478 SE2d 377)

FLETCHER, Presiding Justice.

Doyce Mullis challenged Don McCranie's victory in the general primary election for Commissioner of Dodge County. The trial court voided the election and McCranie appeals.[1] Because the record supports the trial court's findings that irregularities in the casting of assisted ballots cast doubt on the result, we affirm.

8,060 persons voted in the election, with 7,925 voting in the commissioner's race. Of those persons voting at the precincts, 486 received assistance in voting. Of the 1,484 absentee ballots[2] cast in the commissioner's race, 399 voters received assistance in voting.

Since election results are deemed valid, one challenging the results bears the burden of showing that the results are invalid due to an irregularity sufficient to place the entire election in doubt. A challenger may succeed by demonstrating "misconduct, fraud, or irregularity by any primary . . . official . . . sufficient to change or place in doubt the result."[3] The challenger must show that a sufficient number of electors voted illegally or were irregularly recorded in the contest being challenged to change or cast doubt on the election.[4] The trial court found, and the parties agree, that in this case the specific number of illegal or irregular ballots necessary to cast doubt on the election was 163.[5]

The most significant irregularities found by the trial court impact voters receiving assistance in voting.[6] OCGA § 21-2-409 provides that a voter may receive assistance in the act of voting only if he or she is unable to read the English language or has a physical disability that renders him or her unable to cast the ballot alone. Before the voter may receive assistance, the voter must take an oath that a manager administers and places in writing, giving the reason assistance is needed.[7] The only exception to the requirement of the oath is in the case of a blind voter.[8] OCGA § 21-2-409 (a) also requires

---

[1] This Court granted the motion by the State Election Board to expedite the appeal.

[2] A total of 1,509 persons voted by absentee ballot.

[3] OCGA § 21-2-522.

[4] *Walls v. Garrett*, 247 Ga. 640 (277 SE2d 903) (1981).

[5] This figure comes from the difference between the total ballots cast (8,060) and the ballots cast in the commissioner's race (7,925) plus the margin of victory in the commissioner's race (28).

[6] The trial court also found that thirty-three convicted felons voted illegally; one of the felons was paid for voting; five people voted twice; one vote was cast in the name of a dead person; and one qualified voter was denied the right to vote.

[7] OCGA § 21-2-409 (a).

[8] Id. ("An elector who declares that by reason of blindness he or she is unable to cast a vote as he or she wishes and who in the judgment of a manager is blind may receive assistance . . . without the necessity of an oath.")

that the name of the person giving assistance be endorsed on the oath.[9] The availability of criminal sanctions for violations of these rules demonstrates that these procedures governing the rendering of assistance are not mere technicalities but are an integral part of preserving the sanctity of the voting process.[10]

The trial court found that the majority of voters receiving assistance in the precincts were not given the required oaths. Additionally, the poll managers failed to verify in writing the claimed disabilities. The trial court also found that in one precinct, many of the 65 assisted voters marked the oath with an "X," but signed the voter certificate, and that many of the "X's" in this precinct were "suspiciously marked in the same manner . . . as if done by the same person." The trial court noted that there was a significant disparity among precincts in the numbers of assisted voters. In connection with the voters who received assistance in casting absentee ballots at the Registrar's Office, the trial court found that one individual alone assisted 142 of these absentee voters. The record shows that this individual was married to the secretary of a candidate. Additionally, the same pattern of disparity in assisted voters from various precincts was found in the absentee ballots cast through the Registrar's Office.

A review of the record shows that the trial court's findings are supported by ample evidence. We agree with the trial court that these irregularities, which affect well over 163 ballots, are sufficient to cast doubt on the result of the election. Therefore, the election must be voided and a new election held.

*Judgment affirmed. All the Justices concur, except Benham, C. J., who dissents.*

DECIDED DECEMBER 5, 1996 —
RECONSIDERATION DENIED DECEMBER 20, 1996.

*Groover & Childs, Denmark Groover, Jr.,* for appellant.
*Michael J. Bowers, Attorney General, Michael E. Hobbs, Dennis R. Dunn, Senior Assistant Attorneys General, Smith & Harrington, Wilton D. Harrington, Steven M. Harrison,* for appellees.

---

[9] OCGA § 21-2-409 (a).
[10] See OCGA §§ 21-2-562 (a) (1); 21-2-568 (1) (4); 21-2-579 (3) (4).