S97A0252. PAYNE v. CHATMAN et al.
(485 SE2d 723)

HUNSTEIN, Justice.

This is an appeal from an action contesting a primary election that was brought by appellant Cuyler Payne against appellee Rich-

ard Chatman and others[1] following the primary election in Wilkinson County on July 9, 1996. We conclude that the election challenge is now moot and dismiss.

Appellant, an unsuccessful candidate for the Democratic nomination of Sheriff of Wilkinson County, filed this election contest challenging the election results of the July 9, 1996 Democratic primary for which appellee received a majority of the votes and was pronounced the winner on July 10, 1996. Appellant filed his petition contesting the results of the primary in Wilkinson Superior Court on July 15, and on July 18 an order was entered appointing a judge of an adjoining judicial circuit to hear and decide the election challenge. Evidentiary hearings were conducted on July 23 and 25, 1996. By order dated September 5, 1996 and filed four days later, the trial court refused to invalidate the primary election and declared appellee the winner of the Democratic primary for Sheriff of Wilkinson County.[2] A notice of appeal was filed on September 10 and the appeal was docketed in this Court on November 6, one day after the November 5, 1996 general election.[3] Enumerations of error and a brief were filed by appellant on November 22, and appellee filed his response brief and a motion to dismiss the appeal as moot on December 16, 1996. Oral argument was requested on November 22, 1996 and the case was assigned to the February 11, 1997 oral argument calendar. At no time prior to the general election did appellant file a motion to expedite or advance consideration of his case or seek a stay of the general election or certification of its results. On December 18, over one month after the general election, appellant filed a motion for supersedeas and stay seeking to stay the January 1, 1997 swearing in of appellee as Wilkinson County Sheriff. The motion was denied on December 27, 1996.

Article 13 of the Georgia Election Code, OCGA § 21-2-520 et seq., embodies the controlling statutes which establish the procedures for contesting both primary and general elections, from commencement

---

[1] In addition to Chatman, other named appellees in the case are the third Democratic candidate, Mike Goss; acting appointed election superintendents, Dr. Fararie Smalley and Juanita Williams; Registrar Raymond Bacon; and clerk of the probate court, Kim Hall. None of these individuals has filed a response brief in this Court.

[2] Three candidates competed in the July 9, 1996 race for Sheriff of Wilkinson County. They were appellant Payne, appellee Chatman and Goss. The complaint alleged that irregularities existed and fraudulent acts had been committed in the primary sufficient to change or place the results of the primary in doubt. Although not pertinent to our opinion, the trial court reviewed the number of votes each candidate received, concluded that appellant had failed to meet his burden of proving sufficient irregularities to cast the outcome of the election in doubt and declared appellee the winner.

[3] In the general election held on November 5, appellee faced Republican Party candidate Rufus Mixon. Appellee received a majority of the votes against his Republican challenger and was certified the winner by the election superintendent on November 5, 1996.

of the action to final disposition in the appellate courts. This legislation provides an important procedural framework for the prompt resolution of election contests, including initiation and notice of an election contest (OCGA § 21-2-524), a timely hearing (OCGA § 21-2-525) and an appeal from the final decision of the trial court (OCGA § 21-2-528). The Election Code gives a trial court ample power and discretion to control the election contest process to insure that the proceedings are resolved in a timely manner. OCGA § 21-2-525 (c). The Election Code also recognizes the need to expedite an election contest on appeal by allowing a party seeking to challenge an election case to appeal from the final determination of the trial court within ten days from the rendition of the judgment and by allowing an appellate court in deciding an election contest case to consider applications for stays or supersedeas "without regard to whether any notice of appeal has been filed or the record docketed in such cases." OCGA § 21-2-528. Thus, the legislation which provides the right to contest a primary election by providing an explicit framework for dealing with the issues of the contest also sets forth the mechanisms for expediting the action in the trial and appellate courts. In addition to the legislative framework designed to accelerate review of election contests, motions for expedited consideration of election appeals have been granted by this Court to assure that a challenge to an election result is considered in a timely manner. See, e.g., *McCranie v. Mullis*, 267 Ga. 416, n. 1 (478 SE2d 377) (1996); *Malone v. Tison*, 248 Ga. 209 (282 SE2d 84) (1981).

Although the Election Code is formulated to provide appellate courts with the authority to entertain applications for stays and supersedeas in primary election challenges for the purpose of protecting the interests of litigants challenging election results, it does not *guarantee* that a primary election contest will be expedited on appeal or offer a remedy where a primary election contest has not been resolved before the general election. The established rule in Georgia is that a primary election contest becomes moot after the general election has taken place. *Ward v. Evans*, 253 Ga. 648 (322 SE2d 730) (1984); *Logan v. Johnson*, 247 Ga. 640 (277 SE2d 913) (1981); *Palmer v. Conner*, 247 Ga. 35 (273 SE2d 612) (1981); *Brooks v. Braziel*, 247 Ga. 4 (273 SE2d 395) (1981); *Carroll v. Cates*, 134 Ga. App. 10 (1) (213 SE2d 120) (1975).[4] We are unaware of any case in Georgia in

---

[4] The United States Supreme Court and courts in other jurisdictions have also held that primary election contests must be fully decided prior to a general election and that a challenge by a candidate is moot where the general election was over by the time the case was heard. See *Brockington v. Rhodes*, 396 U. S. 41, 43 (90 SC 206, 24 LE2d 209) (1969); *Eturriaga v. Valdez*, 784 P2d 24, 29 (N.M. 1989); *Smith v. Crawford*, 747 SW2d 938 (Tex. App. 1988); *Harter v. Kehm*, 733 SW2d 775 (Mo. App. 1987).

which the results of a general election have been invalidated where the election contest challenging a primary election was not resolved by the time of the general election. *Redding v. Balkcom*, 246 Ga. 595 (272 SE2d 324) (1980), the authority relied upon by appellant as controlling, does not mandate a different result. *Redding* establishes that appellate courts have the authority to stay confirmation of election results in a general election pending resolution of issues brought in a primary election challenge as long as the issues are timely raised before the general election so as not to be beyond the reach of the court in which the contest is pending. *Redding v. Balkcom* clearly endorsed the long standing rule that questions involving a primary election are moot "when a candidate attempts to contest a primary election after the holding of the general election." Id. at 596 (2).

A review of the record in this case demonstrates that the main responsibility for the untimely consideration of this appeal lies with appellant because he failed to utilize every available means to protect his rights and resolve the election dispute prior to the time all of the issues relating to the primary election had become moot. Although appellant could have instantaneously sought a supersedeas and stay from this Court pursuant to the expedited procedure of the Election Code after the trial court entered its September 5, 1996 order, appellant neglected to request an expedited disposition and neglected in timely fashion to seek extraordinary relief from this Court. Therefore, unlike the situation in *Redding v. Balkcom*, by the time appellant's appeal and his December 18 application for stay seeking to prevent the swearing-in of appellee had been filed, the results of the general election declaring the winner of the Wilkinson County Sheriff's race had been certified for over one month.

Appellant maintains that even though the issue is moot we should consider the merits of the appeal in order to best serve the interests of the electors of Wilkinson County. The "mootness doctrine" which recognizes that certain technically moot questions merit review because the error is capable of repetition and yet evades review, is recognized in this State, although it has never been applied to election cases. See *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986). We observe that some jurisdictions will resolve an otherwise moot election issue if that issue concerns a substantial public interest or if the issue raised by the contestant relates to the constitutionality of an election statute. See *Lucas v. Larkin*, 1997 Ill. Lexis 9 (decided January 30, 1997); *Harter v. Kehm*, 733 SW2d 775, 778 (Mo. App. 1987); *Falke v. State of Alaska*, 717 P2d 369 (11) (Alaska 1986). Here, appellant challenges the Wilkinson County election results on several grounds. However, resolution of the questions presented in the election challenge is unnecessary because they do not involve the constitutionality of an election statute and do not

present a classic situation of a problem capable of repetition, yet evading review. See *Chastain v. Baker*, supra.

There are many important policy considerations which compel us to adhere to the rule that litigants should make every effort to dispose of election disputes with dispatch and that the courts should not interfere with the orderly process of elections after the general election has been held. It is imperative that "time remains for appeals and new elections if necessary before a succeeding election renders the issues moot," *Taggart v. Phillips*, 242 Ga. 454, 455 (249 SE2d 245) (1978), and before unnecessary expenses are incurred in holding more than one general election. It is also important that decisions concerning election of officials not be delayed so that elected officials can take their stations in a timely manner.

In this case, appellant ignored the procedures set forth in OCGA § 21-2-528 and this Court's practice of granting expedited consideration of election cases and instead followed the general rules of appellate procedure in seeking to resolve the issues in his primary election dispute. Because appellant did not seek to advance his case, his election challenge was docketed and considered after the general election had occurred and after it was possible for this Court to grant any effective relief. Having decided that we will continue to follow the general rule that a primary election contest becomes moot if not fully determined prior to the general election, appellee's motion to dismiss is hereby granted. See *Brooks v. Braziel*, supra.

*Appeal dismissed as moot. Benham, C. J., Fletcher, P. J., Sears, Carley, Hines, JJ., and Judge Loring Gray concur. Thompson, J., disqualified.*

DECIDED APRIL 28, 1997.

Nelson, Gillis & Smith, James S. Smith, Jr., Jon F. Helton, for appellant.

Walbert & Mathis, Charles A. Mathis, Jr., for appellees.