## S98A0784. CAPLAN v. HATTAWAY et al.
### (501 SE2d 195)

CARLEY, Justice.

On November 4, 1997, the mayoral election for the City of Milledgeville was held. John Grant received 804 votes, Virgil Ward received 652 votes and Jennifer Caplan received 651 votes. On November 14, Ms. Caplan filed suit against Appellees challenging the election results. Thereafter, the run-off election between Mr. Grant and Mr. Ward was set for November 25. On November 19, Ms. Caplan amended her petition to seek an injunction against holding the scheduled run-off election. On November 21, the trial court held a hearing on Ms. Caplan's request for injunctive relief. At the conclusion of the hearing, the trial court orally certified Mr. Grant and Mr. Ward as the candidates for the run-off election and denied the request for injunctive relief, informing the parties that it wanted "an order to state that I do not grant a stay at this point based upon a lack of evidence casting doubt upon the outcome of the November 4th election." Afterwards, Ms. Caplan neither prepared a written order for entry by the trial court nor applied to this Court for a stay or supersedeas pursuant to OCGA § 21-2-528. The run-off election was held on November 25, as scheduled, and Mr. Grant won that election. A written order denying injunctive relief to Ms. Caplan was prepared by Appellees and was signed by the trial court on December 1, nunc pro tunc to November 21. This order was entered on December 3. On December 5, Ms. Caplan filed her notice of appeal. She did not make a contemporaneous request that her appeal be expedited and, on January 1, 1998, Mr. Grant took office as Mayor. Appellees have filed a motion to dismiss, asserting that, under these circumstances, Ms. Caplan's appeal has become moot.

Article 13 of the Georgia Election Code, OCGA § 21-2-520 et seq., sets forth the mechanisms for expediting an election contest in the trial and appellate courts. *Payne v. Chatman*, 267 Ga. 873, 875 (485 SE2d 723) (1997). In accordance therewith, an appeal becomes moot if the contested election has been held and the "appellant ignored the procedures set forth in OCGA § 21-2-528 and this Court's practice of granting expedited consideration of election cases. . . ." *Payne v. Chatman*, supra at 877. Here, the written order denying injunctive relief was not entered until December 3, 1997 and, thus, Ms. Caplan could not have filed her notice of appeal until some time after the run-off election was held. However, OCGA § 21-2-527 provides for the trial court's "pronouncement of judgment" in election contest cases and OCGA § 21-2-528 further provides that the appellant may apply for a stay or supersedeas "without regard to whether any notice of appeal has been filed or the record docketed in such cases." "Pronouncement" means "orally announced." *State v. Germany*, 246 Ga. 455 (1) (271 SE2d 851) (1980). Thus, the Election Code authorized Ms. Caplan to seek a stay or supersedeas of the trial court's oral pronouncement before the run-off election was held. Moreover, she was aware of the substance of the trial court's ruling and could have submitted her own written order for immediate entry by the trial court. Ms. Caplan pursued neither option to prevent her appeal from becoming moot. In this case, there is no issue as to the constitutionality of any statute. Moreover, even if any of the errors enumerated by Ms. Caplan is capable of repetition in another case, that error certainly would be reviewable, if repeated, upon proper invocation of the applicable provisions of the Election Code. See *Payne v. Chatman*, supra at 876-877; *Chastain v. Baker*, 255 Ga. 432, 434 (339 SE2d 241) (1986).

There are many important policy considerations which underlie "the rule that litigants should make every effort to dispose of election disputes with dispatch and that the courts should not interfere with the orderly process of elections after the general election has been held." *Payne v. Chatman*, supra at 877. Mr. Grant has been serving as the Mayor for several months, and the delay in consideration of this appeal is attributable to Ms. Caplan's failure to avail herself of the applicable procedures of the Election Code. Under these circumstances, we conclude that Ms. Caplan's appeal must be dismissed as moot.

*Appeal dismissed. All the Justices concur. Sears, J., disqualified.*

DECIDED JUNE 1, 1998 —
RECONSIDERATION DENIED JULY 7, 1998.

*Eugene C. Black, Jr.,* for appellant.
*Adams & Jordan, Donald J. Jordan, Cedric B. Davis, Shane M. Geeter, Charles A. Mathis, Jr.,* for appellees.