S03A0692. JORDAN v. COOK.
(587 SE2d 52)

HUNSTEIN, Justice.

Lee Norris Jordan, a candidate for the district five seat on the Randolph County Board of Education, brought an action before the Probate Court/Superintendent of Elections of Randolph County challenging the qualifications of his opposing candidate, incumbent Henry Cook, for the special primary election held in November 2002. The superintendent of elections ruled that Cook was qualified for the district five seat. Jordan's appeal to superior court was dismissed on the ground that his delay in filing the appeal until after the election rendered the appeal moot. We agree and reaffirm that litigants in election contests have a duty to expedite resolution of the dispute before the general election is held.

The primary election for the county board of education seat was originally scheduled for August 2002 but rescheduled for November

---

[8] See *Horsley*, 268 Ga. at 460.

5, 2002, following a challenge in the Federal District Court to the General Assembly's redistricting legislation and the subsequent approval of the new districts by the U. S. Department of Justice.[1] Incumbent Cook and challenger Jordan both qualified as candidates for the seat. On October 18, Jordan challenged Cook's qualifications on the ground that Cook no longer lived within district five. On October 28, following an evidentiary hearing, the superintendent of elections entered a decision concluding that Cook was qualified for the district five seat.[2] Cook won the election on November 5 and two days later, Jordan appealed the decision of the superintendent to superior court. The superior court granted Cook's motion to dismiss finding that Jordan's appeal was mooted by the election.

The election statutes that establish procedures for contesting elections are based on an underlying policy that election-related appeals must be timely considered. The justification for this policy is to prevent incurring unnecessary expenses in holding more than one election, to assure the finality of election results, and to settle challenges to a candidate's qualifications prior to the time that voters exercise their constitutional right to vote. *Payne v. Chatman*, 267 Ga. 873 (485 SE2d 723) (1997). Thus, we have held that the party challenging either a primary or general election "should make every effort to dispose of election disputes with dispatch and that the courts should not interfere with the orderly process of elections after the general election has been held." Id. at 877. See *Caplan v. Hattaway*, 269 Ga. 582 (501 SE2d 195) (1998).

At no time prior to the election did Jordan appeal the election superintendent's decision or seek a stay of the election pursuant to OCGA § 21-2-6 (e) (reviewing court may order a stay in a challenge to a candidate's qualifications upon appropriate terms for good cause shown). Although the election superintendent ruled in favor of Jordan's opponent on Monday, October 28, Jordan nevertheless waited ten days after that decision, and only until after losing the election, to file his appeal in the superior court. In other words, "he failed to utilize every available means to protect his rights and resolve the election dispute prior to the time all of the issues relating to the primary election had become moot." *Payne*, supra, 267 Ga. at 876. Rather than seeking a pre-election stay as permitted by statute, Jor-

---

[1] The November 5 special primary election for the Randolph County Board of Education, which was conducted at the same time as the general election, served as the general election.

[2] The election superintendent found that Cook was qualified to run for election based on evidence that the majority of Cook's property was located within the new district five, testimony by a state representative established that the intent in drawing the new district was to make sure no incumbent was legislated out of his district, and Cook was issued a district five voter registration card.

dan gambled on the outcome of the election and filed an appeal only after he had lost. Jordan's reliance on the fact that he acted within the statutory ten-day period in filing his appeal in the superior court cannot justify his inaction in seeking to invoke the statutory mechanism to stay the election until after the appeal, see *Head v. Williams*, 269 Ga. 894 (506 SE2d 863) (1998); *Caplan v. Hattaway*, supra, especially where due to his delay in seeking relief, the results of the general election certified his opponent as the winner.

The mootness doctrine applies to election contest cases when the general election has already taken place. *Caplan*, supra; *Payne*, supra; *Ward v. Evans*, 253 Ga. 648 (322 SE2d 730) (1984); *Palmer v. Conner*, 247 Ga. 35 (273 SE2d 612) (1981); *Brooks v. Braziel*, 247 Ga. 4 (273 SE2d 395) (1981). See also *Barker v. Cook*, 242 Ga. 780 (251 SE2d 553) (1979). Compare *Poythress v. Moses*, 250 Ga. 452 (1) (298 SE2d 480) (1983). Jordan did not exercise his statutory right to seek a stay of the election and delayed in filing his appeal until after the election results showed that he did not prevail. The policy considerations underlying our mootness doctrine apply to the election challenge in this case. We therefore reiterate that when an opposing candidate wishes to appeal a pre-election decision, every effort must be made to expedite the appeal or stay the election until the dispute is resolved; otherwise, the appeal is rendered moot by the election. We wholly reject the notion that the laws of this State allow a candidate to sit on his rights hoping for the best and, only after the voters have participated in the democratic process to elect their representative, file an appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2003.

*Hall & Williamson, Michael C. Hall, Hodges, Erwin, Hedrick & Coleman, William A. Erwin*, for appellant.
*Maurice L. King, Jr.*, for appellee.