S07A0137. McCREARY v. MARTIN et al.
(642 SE2d 80)

HINES, Justice.

This is an appeal by Rick McCreary, unsuccessful candidate for the Democratic nomination for the Commission Chair of Lamar County, from an order of the Superior Court of Lamar County, inter alia, dismissing his petition to contest the primary election. For the reasons which follow, we conclude that the appeal is properly dismissed as moot.

On July 31, 2006, McCreary filed a petition to contest the July 18, 2006, Democratic primary election in which he was one of two

candidates ultimately seeking to run for the Lamar County Commission Chair and in which he came in second. The petition was filed against Kathy Martin, as Election Superintendent for Lamar County, Bobbie Burnette, as Voting Registrar for Lamar County, Bobby Burnette, as Lamar County Commission Chair and Democratic candidate for re-election, and Jay Matthews, as Republican candidate for Lamar County Commission Chair (collectively "respondents"). On August 10, 2006, respondents moved to dismiss[1] the petition on the grounds that McCreary failed to properly verify his petition because his affidavit was insufficient under OCGA § 21-2-524 (d)[2] and failed to comply with the statutory procedures for serving the State Election Board; the motion further asserted that Bobbie Burnette, in her capacity as Voting Registrar and Bobby Burnette, in his capacity as Chairman of the Lamar County Commission, were improper party defendants under the Georgia Election Code, OCGA § 21-2-1 et seq. On August 16, 2006, McCreary filed a motion for leave to file an amended petition and amended verification.

Following a hearing, on August 28, 2006, the superior court issued an order granting the motion to dismiss the petition, dismissing Bobbie Burnette and Bobby Burnette as improper party defendants, denying McCreary's petition for leave to amend, and directing that McCreary pay all costs in accordance with OCGA § 21-2-529.[3] The superior court found that McCreary's attempt to amend his petition was untimely and that his failure to properly verify his petition and his failure to properly effectuate service on the State Election Board required dismissal of his petition.

McCreary filed a notice of appeal from the adverse decision on September 7, 2006. On October 12, 2006, he filed in this Court a "Motion to Expedite Consideration of Appeal" and a "Motion for Supersedeas and Stay." Both motions were denied because McCreary

---

[1] Respondent Jay Matthews did not join in this motion.

[2] OCGA § 21-2-524 (d) states:
The petition shall be verified by the affidavit of each contestant. Such affidavit shall be taken and subscribed before some person authorized by law to administer oaths and shall state that the contestant believes the facts alleged therein are true, that according to the best of his or her knowledge and belief the contested result of the primary or election is illegal and the return thereof incorrect, and that the petition to contest the same is made in good faith.

[3] OCGA § 21-2-529 provides:
The contestant and the defendant shall be liable to the officers and witnesses for the costs made by them, respectively. If the result of the primary or election is confirmed, the petition dismissed, or the prosecution fails, judgment shall be rendered against the contestant for costs; and, if the judgment is against the defendant or the result of the primary or election is set aside, he or she shall pay the costs at the discretion of the court. After entry of judgment, the costs may be collected by attachment or otherwise.

waited nearly a month and a half after the dismissal of his petition, and until less than a month remained until the general election, to ask for expedited consideration and a supersedeas of the dismissal and a stay of the general election.

Statutes providing for election contests are premised on the recognition that election-related appeals must be timely considered. *Jordan v. Cook*, 277 Ga. 155, 156 (587 SE2d 52) (2003). In fact, OCGA § 21-2-528[4] allows a request for extraordinary relief from this Court even prior to the filing of a notice of appeal or the docketing of the record in an appeal from a final determination in an election contest. Consequently, the party challenging either a primary or general election has the legal mechanism to effect the threshold duty to act with dispatch. *Jordan v. Cook*, supra at 156. Certainly, there are instances in which last minute requests for extraordinary relief in election contests are unavoidable. But, this case is not one of them.

The general election has been held. McCreary did not timely exercise his statutory right to seek a stay of that election or to petition this Court for expedition in entertaining his appeal. This Court must conclude that the policy considerations underlying the mootness doctrine apply to this election challenge. *Jordan v. Cook*, supra at 156. This case does not involve a question of the constitutionality of any statute or the interpretation of a constitutional provision. Compare *Poythress v. Moses*, 250 Ga. 452 (298 SE2d 480) (1983). What is more, while the issues raised by McCreary might be capable of repetition in another case, such issues would be reviewable upon the timely and proper invocation of the applicable provisions of the Election Code. *Caplan v. Hattaway*, 269 Ga. 582, 583 (501 SE2d 195) (1998). Important policy considerations mandate that litigants should make every effort to dispose of election disputes with dispatch and that the courts should not interfere with the orderly process of elections after the general election has been held. Id. The fact that this appeal is no longer viable is attributable to McCreary's failure to timely request the emergency relief sought; consequently, the appeal must be dismissed as moot. Id.

*Appeal dismissed. All the Justices concur.*

---

[4] OCGA § 21-2-528 states:
An appeal from the final determination of the court may be taken within ten days from the rendition thereof to the Supreme Court as in other civil cases. The filing of a notice of appeal shall not act as a stay or supersedeas. The appellant may apply to the Supreme Court for a stay or supersedeas, and such court shall consider applications for stays or supersedeas in such cases without regard to whether any notice of appeal has been filed or the record docketed in such cases.

DECIDED FEBRUARY 26, 2007.

*Power & Cooper, Warren R. Power, LeAnne P. Cooper, Michael P. Bain*, for appellant.

*Holland & Knight, Robert S. Highsmith, Jr., Heather A. Calhoun, Norman Smith*, for appellees.