## S07A0649. KENDALL v. DELANEY et al.

(651 SE2d 685)

HINES, Justice.

Michael Kendall appeals the trial court's order denying his challenge to the results of the 2006 election for representative to the Griffin-Spalding County Board of Education from the First District. For the reasons that follow, we dismiss the appeal.

Kendall and Fannie Delaney were the sole candidates on the ballot for the First District in the general election held on November 7, 2006. Delaney was declared the winner of the election by a 54-vote margin on November 13, 2006, by the Spalding County Board of Elections and Registration. On November 14, 2006, Kendall filed a petition in the Superior Court of Spalding County contesting the election by claiming irregularities in the processing of absentee ballots "to such extent that the outcome of the election [was] in question." Specifically, he claimed that 136 absentee ballots for the race showed irregularities suggesting that someone other than the voter had collected and mailed the ballot. A hearing was held on December 14, 2006, and the trial court entered an order on December 19, 2006, nunc pro tunc to December 14, 2006, finding that there was no evidence to support most of Kendall's allegations, that the allegations that were supported by evidence (i.e., that two voter assistants took ballots from voters and placed them in the mail) were not "irregularit[ies] affecting the lawfulness of the ballot[s] to the extent that [they] should be discounted or thrown out," and that, in any event, Kendall could show only 42 such ballots with the alleged irregularities.

Kendall filed a notice of appeal on December 27, 2006. That same day, Delaney was sworn into office. Kendall did not apply for a stay of the trial court's order to maintain the status quo, or request an order of supersedeas. See OCGA § 21-2-528.[1]

Delaney has filed a motion to dismiss, citing *McCreary v. Martin*, 281 Ga. 668, 670 (642 SE2d 80) (2007). In *McCreary*, this Court reiterated that "election-related appeals must be timely considered," and under the statutes of this State, "the party challenging either a primary or general election has the legal mechanism to effect the threshold duty to act with dispatch." Id.

---

[1] OCGA § 21-2-528 states:
An appeal from the final determination of the court may be taken within ten days from the rendition thereof to the Supreme Court as in other civil cases. The filing of a notice of appeal shall not act as a stay or supersedeas. The appellant may apply to the Supreme Court for a stay or supersedeas, and such court shall consider applications for stays or supersedeas in such cases without regard to whether any notice of appeal has been filed or the record docketed in such cases.

Important policy considerations mandate that litigants should make every effort to dispose of election disputes with dispatch and that the courts should not interfere with the orderly process of elections after the general election has been held. [Cit.] The fact that this appeal is no longer viable is attributable to [Kendall's] failure to timely request the emergency relief sought; consequently, the appeal must be dismissed as moot. [Cit.]

Id. We take this opportunity to re-emphasize that the party seeking review of an election has the obligation to exercise the mechanisms available to produce a timely result. Kendall did not do so.

Further, as in *McCreary*, this

case does not involve a question of the constitutionality of any statute or the interpretation of a constitutional provision. [Cit.] What is more, while the issues raised by [Kendall] might be capable of repetition in another case, such issues would be reviewable upon the timely and proper invocation of the applicable provisions of the Election Code. [Cit.]

Id. Accordingly, Delaney's motion to dismiss is granted, and Kendall's appeal is dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

M. Michael Kendall, *pro se.*
Timothy N. Shepherd, Beck, Owen & Murray, James R. Fortune, Jr., for appellees.