### S07A1518. KENDALL v. DELANEY et al.
(656 SE2d 812)

HINES, Justice.

Michael Kendall appeals the Superior Court of Spalding County's award of attorney fees and expenses to Fannie Delaney in this election contest case. For the reasons that follow, we reverse.

Kendall and Delaney were the only candidates on the ballot for a seat on the Griffin-Spalding County Board of Education in the general election held on November 7, 2006. Delaney was declared the winner of the election by a 54-vote margin on November 13, 2006, by the Spalding County Board of Elections and Registration. On November 14, 2006, Kendall filed a petition in the Superior Court of Spalding County contesting the election by claiming irregularities in the processing of absentee ballots "to such extent that the outcome of the election [was] in question." The matter was tried before the superior court sitting without a jury, and the court entered an order finding that the evidence did not support Kendall's allegations so as to affect the election.[1] Delaney then sought an award of attorney fees, which the superior court granted.

The gravamen of Kendall's election complaint was that 136 completed absentee ballots had been collected from voters by persons not authorized to do so, and mailed to the Board of Elections by those persons, which he contended violated OCGA § 21-2-385 (a). The superior court's order awarding attorney fees relied upon OCGA § 9-15-14 (a). That Code section requires that there be "such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position."[2] Id. In making its award, the superior court relied on its ruling regarding the merits of Kendall's

---

[1] Kendall appealed this order, and this Court dismissed his appeal in *Kendall v. Delaney*, 282 Ga. 482 (651 SE2d 685) (2007).

[2] OCGA § 9-15-14 (a) states:

In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be

complaint, particularly on its conclusion that having a voter's ballot placed in the mail by a person other than the voter, and by one who is not related to a disabled voter as specified in OCGA § 21-2-385 (a), does not violate OCGA § 21-2-385 (a) "to the extent that [the ballot] should be discounted or thrown out." However, the superior court did not cite any case law with such a holding, and this Court finds none. Rather, the Code section states that an absentee ballot envelope "shall"

> be securely sealed and the elector shall then mail or personally deliver same to the board of registrars or absentee ballot clerk, provided that delivery by a physically disabled elector may be made by any adult person upon satisfactory proof that such adult person is such elector's mother, father, grandparent, aunt, uncle, brother, sister, spouse, son, daughter, niece, nephew, grandchild, son-in-law, daughter-in-law, mother-in-law, father-in-law, brother-in-law, sister-in-law, or an individual residing in the household of such disabled elector.

OCGA § 21-2-385 (a). Given the language of the statute, Kendall's contention that a ballot mailed by a person not authorized to do so under OCGA § 21-2-385 (a), cannot be described as lacking "any justiciable issue of law or fact [such] that it could not be reasonably believed that a court would accept the asserted claim," within the meaning of OCGA § 9-15-14 (a).[3] See *Campbell v. Dept. of Corrections*, 268 Ga. 408, 411 (3) (490 SE2d 99) (1997).

The superior court's order on attorney fees also recited that, when Kendall brought the action, he "was aware that he had to be able to demonstrate at least 54 votes were illegally cast and should be thrown out." The court also characterized the evidence presented by Kendall as establishing that at most, only 42 ballots were handled by persons not authorized by OCGA § 21-2-385 (a), and that assuming that such action did invalidate those ballots, Kendall still failed to call into question a sufficient number of ballots to affect the result of the election. However, the fact that Delaney prevailed on the evidence does not alone establish a right to attorney fees under OCGA § 9-15-14 (a). See *Sacha v. Coffee Butler Svc.*, 215 Ga. App. 280, 282 (2) (450 SE2d 704) (1994). Kendall presented testimony from persons

---

assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

[3] We note that this opinion does not decide any issue regarding Kendall's argument under OCGA § 21-2-385 (a), and that no such ruling is necessary to a consideration of the attorney fee award under OCGA § 9-15-14 (a).

who assisted voters in casting 42 absentee ballots, and presented additional evidence concerning 94 other absentee ballots. Although the superior court, sitting as trier of fact, found otherwise, the evidence was such that a trier of fact would have been authorized to find that at least 12 ballots, in addition to the 42 cited by the superior court, had been handled by persons not authorized to do so under OCGA § 21-2-385 (a). Thus, Kendall presented evidence challenging a sufficient number of ballots to affect the result of the election. Compare *Ellis v. Stanford*, 256 Ga. App. 294, 297-298 (6) (568 SE2d 157) (2002).

This Court will affirm a lower court ruling made under OCGA § 9-15-14 (a) if there is "any evidence" to support it. *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987). However, as discussed above, Kendall advanced a justiciable issue of law, and produced evidence to support it, and accordingly, it was error for the superior court to award attorney fees under OCGA § 9-15-14 (a). See *Dept. of Transp. v. Woods*, 269 Ga. 53, 55-56 (2) (494 SE2d 507) (1998); *Haggard*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 28, 2008.

M. Michael Kendall, *pro se.*
*Timothy N. Shepherd*, for appellees.