S11A0956. HILLIARD v. BALDWIN et al.
(710 SE2d 143)

BENHAM, Justice.

Appellant Mitzi Peek Hilliard appeals the trial court's dismissal of her action contesting the outcome of the August 10, 2010, Stewart County primary election in which she was an unsuccessful candidate. We conclude the challenge to the primary election is now moot and dismiss the appeal.

Appellant filed the election contest on August 18, and a judge was appointed to hear and decide the election contest. See OCGA § 21-2-523 (c)-(e). The record appendix contains the transcripts of evidentiary hearings conducted on September 30, October 22, and December 28, 2010, and the trial court's final judgment refers to a fourth hearing having been held on September 2. The general election took place on November 2 and the candidate who defeated appellant in the primary was certified as the winner of the general election.

Statutes providing for election contests are premised on the recognition that election-related appeals must be timely considered. *Jordan v. Cook,* 277 Ga. 155, 156 (587 SE2d 52) (2003). In fact, OCGA § 21-2-528 allows a request for extraordinary relief from this Court even prior to the filing of a notice of appeal or the docketing of the record in an appeal from a final determination in an election contest. Consequently, the party challenging either a primary or general election has the legal mechanism to effect the threshold duty to act with dispatch. *Jordan v. Cook,* supra at 156. Certainly, there are instances in which last minute requests for extraordinary relief in election contests are unavoidable. But, this case is not one of them. The general election has been held[, and appellant never sought emergency relief from this Court]. This Court must conclude that the policy considerations underlying the mootness doctrine apply to this election challenge. *Jordan v. Cook,* supra at 156. This case does not involve a question of the constitutionality of any statute or the interpretation of a constitutional provision. Compare *Poythress v. Moses,* 250 Ga. 452 (298 SE2d 480) (1983). What is more, while the issues raised by [appellant] might be capable of repetition in another

case, such issues would be reviewable upon the timely and proper invocation of the applicable provisions of the Election Code. *Caplan v. Hattaway*, 269 Ga. 582, 583 (501 SE2d 195) (1998). Important policy considerations mandate that litigants should make every effort to dispose of election disputes with dispatch and that the courts should not interfere with the orderly process of elections after the general election has been held. Id.

*McCreary v. Martin*, 281 Ga. 668, 670 (642 SE2d 80) (2007). Since an election contest challenging the results of a primary election becomes moot after the general election has taken place (*Payne v. Chatman*, 267 Ga. 873, 875 (485 SE2d 723) (1997)), and when the plaintiff does not quickly seek statutorily-sanctioned supersedeas and/or an expedited appeal[1] (see, e.g., *McCreary v. Martin*, supra, 281 Ga. at 670; *Davis v. Dunn*, S09A2056 (order of dismissal issued 10/27/09)), the appeal is dismissed as moot. Compare *Scoggins v. Collins*, 288 Ga. 26 (701 SE2d 134) (2010) (where this Court addressed the merits of the election contest since the plaintiff had sought, albeit unsuccessfully, supersedeas and an expedited appeal).

*Appeal dismissed. All the Justices concur.*

DECIDED MAY 16, 2011.

*Gary Parker*, for appellant.
*Perry & Walters, Franklin T. Coleman III*, for appellees.

---

[1] Hillard did not seek appellate review of the trial court's verbal decision on October 25 declining to stay the November 2 general election. At the October 22 hearing, Hilliard's attorney stated that the election need not be enjoined since certification of the election results could be enjoined. There is no evidence in the record appendix that Hilliard sought to enjoin the certification of the election results.