301 Ga. 27
FINAL COPY

S17A0441. DAWKINS-HAIGLER v. ANDERSON et al.

HUNSTEIN, Justice.

Dee Dawkins-Haigler ("Appellant") appeals the denial of her petition challenging the result of the July 2016 Democratic Primary Run-Off Election for Georgia State Senate District 43. We conclude that the challenge to the primary election is now moot and dismiss the appeal.

In the July 2016 primary run-off election, Appellant received ten fewer votes than her opponent, Tonya P. Anderson, and Secretary of State Brian Kemp certified Anderson as the winner of the run-off election. In August 2016, Appellant filed an election contest pursuant to OCGA § 21-2-522 (1) and (3) and OCGA § 21-2-524, alleging that a new run-off election was warranted because of certain voting irregularities, namely, that poll workers provided at least ten voters with the wrong ballot. In September 2016, following a lengthy hearing, the trial court concluded that there was no evidence that illegal votes had been cast, see OCGA § 21-2-522 (3), and that, while a handful of voters

had received the wrong ballot, the variant circumstances underlying those errors precluded a finding of systemic irregularities that would cast doubt on the result of the run-off election, see OCGA § 21-2-522 (1). Appellant subsequently filed a notice of appeal and moved this Court for supersedeas and a stay of the trial court; the motion was denied by a unanimous court. The general election in this case occurred on November 8, 2016, and Anderson was certified as the winner of the general election.

"The election statutes that establish procedures for contesting elections are based on an underlying policy that election-related appeals must be timely considered." Jordan v. Cook, 277 Ga. 155, 156 (587 SE2d 52) (2003). Indeed, "[t]he established rule in Georgia is that a primary election contest becomes moot after the general election has taken place." Payne v. Chatman, 267 Ga. 873, 875 (485 SE2d 723) (1997). See also Jordan, 277 Ga. at 156 (collecting cases). While "OCGA § 21-2-528 allows a request for extraordinary relief from this Court even prior to the filing of a notice of appeal or the docketing of the record in an appeal from a final determination in an election contest," see McCreary v. Martin, 281 Ga. 668, 670 (642 SE2d 80) (2007) (footnote

2

omitted), "[the election code] does not *guarantee* that a primary election contest will be expedited on appeal or offer a remedy where a primary election contest has not been resolved before the general election[,]" Payne, 267 Ga. at 875 (emphasis in original).

Here, though Appellant moved this Court to stay the trial court's September 2016 order, she did not request expedited consideration of her appeal, see McCreary, 281 Ga. at 670, and, during the pendency of this appeal, the general election occurred. We note that the appeal here does not "present a classic situation of a problem capable of repetition, yet evading review." Payne, 267 Ga. at 876. Accordingly, "[t]he policy considerations underlying our mootness doctrine apply to the election challenge in this case[,]" Jordan, 277 Ga. at 157, and this now-moot appeal must be dismissed. McCreary, 281 Ga. at 670.

Appeal dismissed. All the Justices concur, except Grant, J., disqualified.

Decided April 17, 2017.

Election contest. DeKalb Superior Court. Before Judge Adams.

Wayne B. Kendall, for appellant.

Christopher M. Carr, Attorney General, Dennis R. Dunn, Deputy Attorney General, Russell D. Willard, Julia B. Anderson, Senior Assistant Attorneys General, Cristina M. Correia, Assistant Attorney General, for Brian Kemp.

Ann S. Brumbaugh, for Tonya Anderson.