NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: December 10, 2024

S24A1353. PETERSON v. VIE.

ELLINGTON, Justice.

In this case, as in many others before this Court both recently and over the decades, a party who wants the results of an election thrown out has disregarded the clear, longstanding rule requiring "parties seeking to undo an election to have done everything within their power to have their claims decided before the election occurred." *Catoosa County Republican Party v. Henry*, 319 Ga. 794, 794 (906 SE2d 750) (2024). We therefore "dismiss the appeal without reaching the merits (or lack thereof)" of the claim at issue in this case. Id. at 795.

Christina Peterson, representing herself, appeals from the dismissal of her challenge to the qualifications of Valerie Vie as a candidate in this year's election for the office of probate court judge

in Douglas County.[1] Before the primary election, Peterson challenged Vie's qualifications in the local Board of Elections and filed a petition for review of the Board's adverse decision in superior court. After the primary election, Peterson filed a second petition in superior court. Both petitions in superior court were based solely on the same substantive ground that Vie had not been a resident of Douglas County for the time required to run for probate court judge.[2] The pre-primary petition was denied, and Peterson was unsuccessful in seeking to appeal from that denial. The direct appeal now before us is from the dismissal of Peterson's separate post-

---

[1] Peterson also was a candidate in that election. There were no other candidates who qualified to run for probate court judge. Peterson had previously been elected as the Douglas County Probate Court judge in 2020. However, she was removed from the bench on June 25, 2024, resulting in her ineligibility to be elected to any judicial office for seven years. See *Inquiry Concerning Judge Peterson*, 319 Ga. 316, 347 (903 SE2d 645) (2024). Nevertheless, a candidate's qualifications can be challenged, not only by another candidate, but also "by any aggrieved elector who was entitled to vote for such person[.]" OCGA § 21-2-521. After Peterson's removal from office, Vie was appointed and sworn in to serve the remainder of Peterson's term.

[2] Subject to an exception that is not applicable here, "no individual shall be eligible to offer for election to or hold the office of judge of the probate court unless," among other things, she "[i]s a resident of the county in which the individual seeks the office of judge of the probate court for at least two years prior to qualifying for election to the office and remains a resident of such county during the term of office[.]" OCGA § 15-9-2 (a) (1) (B).

primary petition.

Vie qualified as a candidate for probate court judge on March 8, 2024, and Peterson submitted her pre-primary challenge to the local Board of Elections on March 14. After a March 26 hearing, the Board unanimously denied the challenge on March 28, with one abstention. Peterson filed her petition for review in superior court on April 8, and Vie responded on May 7. After a May 8 hearing, the superior court denied her petition for review and affirmed the Board's decision on May 9. Twelve days later, on May 21, the Democratic primary election was held, and Vie was the winner. Peterson did not move to stay that primary election. On Monday, June 10, almost three weeks after the primary, Peterson filed an application for discretionary appeal in this Court from the denial of her pre-primary petition for review. On June 25, we denied that application in Case Number S24D1153.

In the meantime, Peterson filed her verified post-primary petition in superior court on May 30, nine days after the primary. See OCGA § 21-2-520 et seq. That post-primary petition did not seek

3

review of any administrative decision but was a direct challenge to the result of the primary election on the ground that Vie was ineligible for the office of probate court judge. See OCGA § 21-2-522 (2). Peterson twice filed a motion for recusal of the trial judge and requested that consideration of each motion be expedited, and both motions to recuse were promptly denied, but Peterson did not ask the superior court to expedite the case. On June 12, Vie filed a motion to dismiss Peterson's post-primary petition, asserting that the doctrines of collateral estoppel and res judicata barred the petition and, in reliance on *Jordan v. Cook*, 277 Ga. 155, 157 (587 SE2d 52) (2003), that the petition was moot due to Peterson's failure to move for a stay of the May 21 primary election. On June 21, the superior court granted Vie's motion to dismiss "for all the reasons set forth in [Vie's] motion and brief." Peterson filed a notice of appeal on the same day her post-primary petition was dismissed. However, Peterson did not request expedited treatment of the appeal or an expedited briefing schedule and instead filed her appellate brief on August 12, 20 days after the case was docketed in

4

this Court. Later on August 12, she moved to expedite the appeal and stay the general election. We denied that motion on August 26.

When a party who brings an election contest fails to act with dispatch to have the dispute resolved before the election in question, this Court has long declined to grant the "drastic remedy" of invalidating the election after it has happened. *Miller v. Hodge*, 319 Ga. 543, 549 (1) (905 SE2d 562) (2024). In *Miller*, we reaffirmed that, although "the occurrence of a subsequent election does not affect this Court's authority to direct a trial court to declare an election result invalid and to call for a new election," we generally will not review challenges to a candidate's qualifications "once the succeeding election at issue has occurred." Id. at 545-546, 548 (1). Due to prudential considerations grounded in the statutory framework for elections,[3] "litigants in election contests have a duty to expedite

---

[3] We have explained that those prudential considerations include "preventing the unnecessary expense of holding more than one election, assuring the finality of results, and respecting the sanctity of elections wherein the will of the people is the supreme law." *Henry*, 319 Ga. at 798 (citation and punctuation omitted). See also *Miller*, 319 Ga. at 548-549 (1). Moreover, in Georgia's election statutes, "the General Assembly has demonstrated that

resolution of the dispute before an election is held[,] and . . . the failure to make every effort to dispose of election disputes with dispatch before a subsequent election may result in the dismissal of the case." *Miller*, 319 Ga. at 549 (1) (citation and punctuation omitted). Peterson argues that under *Jordan* (on which we relied in *Miller*), these principles apply only when the *general* election has already taken place. However, "the sort of policy considerations behind our prudential rule . . . apply even more strongly in the context of an impending primary election." *Henry*, 319 Ga. at 799.

Peterson consistently failed to "utilize every available means to protect [her] rights and to resolve" her challenges to Vie's qualifications prior to the primary election. *Miller*, 319 Ga. at 547 (1). The record shows that (until she filed her appellate brief in this post-primary proceeding) Peterson never requested an expedited final ruling, an expedited appeal, or a stay of the primary election. See id. Instead, she effectively delayed the proceedings by using the

election contests are to be heard with the greatest of expedition." *Miller*, 319 Ga. at 546 (1) (citation and punctuation omitted). See also *Henry*, 319 Ga. at 798.

6

full time allotted instead of expediting her own filings. By waiting until June 10 to file an application for a discretionary appeal from the final order of the superior court in the pre-primary proceeding, Peterson took the full 30 days allowed by statute. See OCGA §§ 5-6-35 (d); 21-2-6 (e). Accordingly, the delay in consideration and final disposition of Peterson's challenge to Vie's qualifications "is attributable to [Peterson's] failure to avail [herself] of the applicable procedures of the Election Code," by not promptly seeking to expedite the pre-primary proceeding or to stay the primary election. *Miller*, 319 Ga. at 549 (1).[4]

---

[4] We note that, even if Peterson had done everything in her power to resolve her challenge to Vie's qualifications before the primary election, Peterson failed to utilize every available means to resolve that challenge after the primary election and before the general election. In this post-primary proceeding, until she filed her appellate brief, Peterson never requested an expedited final ruling, an expedited appeal, or a stay of the general election. Instead, she once again delayed resolution of her claim by using the full time allotted instead of expediting her own filings, when she took the full 20 days allowed from the date of docketing to file her brief in this appeal. See Supreme Court Rule 10 (1) (a). Peterson's requests to expedite her motions for recusal were her only efforts to expedite any proceedings until she had filed her brief in this appeal. Thus, she failed to avail herself of the applicable procedures of the Election Code when she instituted new litigation without promptly seeking to expedite the proceeding or to stay the general election. See *Miller*, 319 Ga. at 549 (1).

For these reasons, the superior court correctly dismissed Peterson's post-primary petition, and we dismiss the appeal without addressing the merits of Peterson's enumerations of error regarding the superior court's other rulings. See *Henry*, 319 Ga. at 795; *Miller*, 319 Ga. at 544, 549 (1), 550 (2). Cf. *Williams v. Heard*, 302 Ga. 114, 116-118 (2) (805 SE2d 1) (2017) (where the case had to be remanded for the superior court to dismiss an elections case as moot and this Court addressed a recusal issue only in part, so as to require that a new judge be selected to preside over the case on remand).

*Appeal dismissed. All the Justices concur, except Colvin, J., disqualified.*