320 Ga. 532
FINAL COPY

S25A0095. PONDER et al. v. DAVIS et al.

McMillian, Justice.

In May 2024, Appellant Tabitha Ponder ran against and lost to Jeffrey Davis for a seat on the Georgia Court of Appeals. Three weeks after her loss, Ponder, along with an elector, Randolph Frails, filed the underlying election contest petition, asserting that Davis was not qualified to run as a candidate in the election because he is not a resident of Georgia. Appellants Ponder and Frails appeal from the superior court's dismissal of that election contest petition. Because Appellants have failed to do "everything within their power to have their claims decided before the election occurred," we "dismiss the appeal without reaching the merits (or lack thereof)." *Catoosa County Republican Party v. Henry*, 319 Ga. 794, 794-95 (906 SE2d 750) (2024).

Prior to the election which took place on May 21, 2024, Frails alone filed a challenge to Davis's qualifications to run as a candidate

under OCGA § 21-2-5, alleging that Davis was not a resident of Georgia. That challenge requested the Secretary of State to "[p]lease initiate proceedings into and expeditiously refer the matters to an administrative law judge at the Office of State Administrative Hearings for a hearing," though it did not request a hearing or decision by any particular date. An administrative law judge initially found that Davis failed to prove that he actually resided at the address he provided at the time he submitted his declaration of candidacy and accompanying affidavit to qualify for the election. Thereafter, the Secretary of State reviewed the administrative law judge's initial decision and issued his final decision on May 16, 2024, finding that Davis satisfied his burden by proving by a preponderance of the evidence that he was a Georgia resident at the time of qualifying based on facts such as his voter's registration, voting history, and driver's license. The next day, Frails filed in the superior court a petition for judicial review of the Secretary's final decision under OCGA § 21-2-5 (e); Frails also moved for an emergency hearing on his petition and moved to stay the

2

certification of the election results until his challenge was decided. It does not appear, however, that Frails moved to stay the election itself, and Frails has not otherwise shown how he has acted with dispatch to resolve his claims prior to the election taking place. Also, it does not appear that Ponder openly or formally participated in Frails's challenge or that she filed her own pre-election challenge.

On May 21, 2024, the election was held, with Davis receiving 57.1 percent of the votes and Ponder receiving 42.9 percent. According to the superior court, "[a]s requested by Petitioner, the Court held a hearing on Friday, June 7," after which it entered an order dismissing Frails's petition as moot because the election had already occurred and the results were certified by the Secretary of State. Frails did not appeal that order.

Rather, on June 11, Ponder and Frails filed this separate post-election contest petition under OCGA § 21-2-524 against Davis, the Fulton County Board of Registration and Elections, the Fulton County Department of Registration and Elections, and John or Jane

Doe as a Public Officer of the State of Georgia,[1] asserting that Davis was not a resident of Georgia and requesting that the superior court declare Ponder the winner of the election. Motions to dismiss on various grounds were filed, including that the petitioners' verifications failed to assert "that according to the best of his or her knowledge and belief the contested result of the primary or election [was] illegal and the return thereof incorrect," as required by OCGA § 21-2-524 (d). On July 22, Ponder and Frails moved for leave to amend their original petition to substitute the Secretary of State as a party and to correct the petition's verifications. On August 5, the superior court held a hearing on the parties' motions, and on August 7, it entered an order dismissing Ponder and Frails' petition against all parties.

In the order, the superior court ruled that the verifications filed with the original petitions failed to meet the requirements of OCGA § 21-2-524 (d). The court then denied Ponder and Frails' request for

---

[1] Appellants later voluntarily dismissed the Fulton County Department of Registration and Elections and attempted to substitute the Secretary of State in place of John or Jane Doe.

4

leave to amend the defective verifications, reasoning that although the Election Code requires "prompt disposition of election disputes," Ponder and Frails did not file their petition challenging the election until 21 days after the election and then waited until 62 days after the election to seek to amend the verifications. The court dismissed the petition on the grounds that the verifications were defective and then went on to make a number of alternative rulings supporting dismissal. On appeal, Ponder and Frails enumerate several alleged errors regarding the merits of the superior court's rulings.

Before turning to the merits, we first consider the effect of Appellants' failure to pursue with dispatch their challenge to Davis's qualifications before the May 2024 election took place or to otherwise seek a stay of that election so that their claims could be resolved prior to the election occurring. We have explained that challengers are required to do all they can to ensure that their claims are resolved before an election occurs and that for prudential reasons, courts generally should refrain from exercising their jurisdiction to invalidate an election when a party has failed to act

5

with dispatch to resolve issues that could have been raised and resolved before an election takes place. See *Miller v. Hodge*, 319 Ga. 543, 548-49 (1) (905 SE2d 562) (2024) (explaining that "the occurrence of a subsequent election does not necessarily 'moot' issues related to a previous one[,]" but there are "various prudential reasons for courts to limit their exercise of jurisdiction and to refrain from invalidating elections after the fact when the challenging party has not acted with dispatch to litigate their claims before a subsequent election[,]" and such prudential considerations "continue to counsel the courts in limiting the exercise of jurisdiction"); see also *Henry*, 319 Ga. at 798 (noting these prudential considerations include "in particular, preventing the unnecessary expense of holding more than one election, assuring the finality of results, and respecting the 'sanctity' of elections 'wherein the will of the people is the supreme law'" (quoting *Miller*, 319 Ga. at 548 (1) (cleaned up))). In *Miller*, we held that "litigants in election contests have a duty to expedite resolution of the dispute before an election is held and that the failure to make every effort to dispose

6

of election disputes with dispatch before a subsequent election may result in the dismissal of the case." 319 Ga. at 549 (1) (citation and punctuation omitted).

We reaffirmed these principles even more recently in *Henry*, where we explained:

> Elections matter. For this reason, parties wanting a court to throw out the results of an election after it has occurred must clear significant hurdles. And for decades, our precedent has made crystal clear that the first such hurdle is for the parties seeking to undo an election to have done everything within their power to have their claims decided before the election occurred.

319 Ga. at 794. Because the appellants in *Henry*, who challenged the qualifications of candidates to run in an election, failed to do all they could to ensure their claims were resolved before the election occurred, we dismissed their appeal based on the circumstances and prudential concerns discussed above. Id. at 797 ("Given the [appellants'] failure to litigate this appeal with dispatch, our long-standing precedent directs us to decline to consider their arguments."); see also *Randolph County v. Johnson*, 282 Ga. 160, 160 (1) (646 SE2d 261) (2007) (dismissing board of elections' appeal

7

challenging qualifications of candidate when the election had taken place); *Jordan v. Cook*, 277 Ga. 155, 156 (587 SE2d 52) (2003) (dismissing appeal challenging qualifications of opposing candidate when appellant delayed in filing an appeal until after he lost the election).

Appellants have failed to "utilize every available means to protect [their] rights and to resolve" their challenge to Davis's qualifications prior to the election. *Miller*, 319 Ga. at 547 (1). While Frails did file a pre-election challenge to Davis's qualifications, he never moved to stay the election, chose not to appeal the dismissal of his pre-election challenge, and has not otherwise shown how he has acted with dispatch to resolve his claims before the election took place. Ponder, like Frails, never sought a stay of the election until the challenges to Davis's qualifications could be resolved. Indeed, it does not appear that Ponder participated in any pre-election challenge at all, instead waiting until three weeks after she lost the election to file this post-election contest.

Based on the foregoing, we conclude that Appellants have

8

failed to show that they did all they could to resolve their claims with dispatch before the election and that the prudential grounds discussed above counsel for dismissal of their appeal. See *Henry*, 319 Ga. at 795-800; *Johnson*, 282 Ga. at 160 (1); *Jordan*, 277 Ga. at 157. For these reasons, we dismiss the appeal without addressing the merits of Appellants' enumerations of error regarding the superior court's rulings. See *Henry*, 319 Ga. at 795, 800; *Miller*, 319 Ga. at 544, 549 (1), 550 (2).

*Appeal dismissed. All the Justices concur, except Colvin, J., not participating.*

Decided December 10, 2024.

Election. Fulton Superior Court. Before Judge Krause.

*Williams Oinonen, Julie J. Oinonen*, for appellants.

*The Election Law Group, Bryan P. Tyson, Bryan F. Jacoutot; Kaye W. Burwell, Juliana Y. Sleeper, Mathew E. Plott; Christopher M. Carr, Attorney General, Bryan K. Webb, Deputy Attorney General, Elizabeth T. Young, Katherine P. Stoff, Senior Assistant Attorneys General, Danna Yu, Kristen L. Settlemire, Assistant Attorneys General*, for appellees.